**United States Bankruptcy Court**
**District of Rhode Island (Providence)**
**Adversary Proceeding #: 1:05-ap-0102**

*Assigned to:* Judge Arthur N. Votolato
*Related BK Case:* 02-11261
*Related BK Title:* Monica O'Donovan
*Demand:*
*Nature of Suit:* 498

*Date Filed:* 03/24/05

[redacted] 05 204 T

**Plaintiff**
-----------------------

**Monica O'Donovan**
PO Box 529
Albion, RI 02802
SSN: xxx-xx-6420

represented by **Keven A. McKenna**
McKenna Law Offices
23 Acorn Street
Providence, RI 02903
273-8200
Fax : 521-5820
Email: KevenM@McKennalaw.cc
*LEAD ATTORNEY*

V.

**Defendant**
-----------------------

**Affiliated Corporate Services, Inc.**
Affiliated Corporate Services, Inc.
1550 Waters Ridge Drive
Lewisville, TX 75057
972-221-7335

represented by **Lloyd E. Ward**
Lloyd Ward PC
5644 LBJ Freeway Suite 201
Dallas, TX 75204
(972)361-0036
Fax : (972)361-0039
Email: lward@lloydward.com
*LEAD ATTORNEY*

**Lloyd E. Ward**
Lloyd Ward PC
5644 LBJ Freeway, Ste. 201
Dallas, TX 75240

represented by **Lloyd E. Ward**
(See above for address)
*LEAD ATTORNEY*

**Lloyd Ward, PC**
5644 LBJ Freeway, Ste. 201
Dallas, TX 75240

represented by **Lloyd E. Ward**
(See above for address)
*LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 03/24/2005 | 1 | 498 (Other Action): Complaint by Monica O'Donovan against Affiliated Corporate Services, Inc., Lloyd E. Ward, Lloyd Ward, PC Fee Amount. Answer Due |

| | | |
|---|---|---|
| | | by:4/25/2005. U.S. Governmental Agency Answer due by 4/28/2005. (McKenna, Keven). Modified on 3/25/2005 (Venuti, Jody). (Entered: 03/24/2005) |
| 03/24/2005 | 2 | Summons Issued on Affiliated Corporate Services, Inc. , Lloyd E. Ward , Lloyd Ward, PC Summons Issued (McKenna, Keven) (Entered: 03/24/2005) |
| 03/25/2005 | | Judge Arthur N. Votolato added to case. (Cory, Lucinda) (Entered: 03/25/2005) |
| 03/28/2005 | 3 | Summons Service Executed on Affiliated Corporate Services, Inc. 3/24/2005; Lloyd Ward, PC 3/24/2005 . (Cory, Lucinda) (Entered: 03/28/2005) |
| 04/20/2005 | | Attorney Lloyd E. Ward for Lloyd E. Ward; Affiliated Corporate Services, Inc. and Lloyd Ward, PC (Attorney for Defendants) added to case. . (Cory, Lucinda) (Entered: 04/20/2005) |
| 04/20/2005 | 4 | Defective Document/Fee Due Received: 4/20/05 Motion to Withdraw Reference and Motion to Dismiss Filed By Defendants Affiliated Corporate Services, Inc. , Lloyd Ward, PC , Lloyd E. Ward . Filing fee due in the amount of $150.00. Document is defective because: The filing fee was not included. Compliance with Defective Document FEE DUE Notice By: 5/3/2005. (Cory, Lucinda) (Entered: 04/20/2005) |
| 04/20/2005 | 5 | Court's Notice requiring Lloyd Ward To comply with US District Court Local Rule 5 concerning admission of counsel Pro Hac vice. If no compliance by debtor's counsel, issue order to show cause. Non compliance by all other attorneys should be referred to Bankruptcy Judge. (related document(s)4 Notice of Defective Defective Pleading/Fee Due (Motion to Withdraw Reference/Dismiss Case) filed by Defendants Affiliated Corporate Services, Inc., Lloyd E. Ward, Lloyd Ward, PC). . Compliance due by: 5/2/2005. (Cory, Lucinda) (Entered: 04/20/2005) |
| 04/22/2005 | 6 | BNC Certificate of Mailing - PDF Document. (RE: related documents(s) 4 Notice of Defective Defective Pleading/Fee Due, filed by Defendant Affiliated Corporate Services, Inc., Defendant Lloyd E. Ward, Defendant Lloyd Ward, PC) Service Date 04/22/2005. (Admin.) (Entered: 04/23/2005) |
| 04/22/2005 | 7 | BNC Certificate of Mailing - PDF Document. (RE: related documents(s) 5 Court's Notice re: Pro Hac Vice, , ) Service Date 04/22/2005. (Admin.) (Entered: 04/23/2005) |
| 04/26/2005 | 8 | Motion for Withdrawal of Reference . Receipt Number 62102, Fee Amount $150 Filed by Defendants Affiliated Corporate Services, Inc. , Lloyd Ward, PC , Lloyd E. Ward (related document(s)1 Complaint filed by Plaintiff Monica O'Donovan). Objections to Motion Due: 5/9/2005. (Attachments: # 1 Exhibit # 2 Proposed Order # 3 Receipt) (Also docketed as motion to dismiss)(Cory, Lucinda) (Entered: 04/27/2005) |
| 04/26/2005 | 9 | Two Part Motion Dismss Adversary and/or Transfer Venue Filed by Defendants Affiliated Corporate Services, Inc. , Lloyd Ward, PC , Lloyd E. Ward. Objections to Motion Due: 5/9/2005. (Attachments: # 1 Exhibit # 2 Proposed Order) (Cory, Lucinda) (Entered: 04/27/2005) |

| | | |
|---|---|---|
| 05/02/2005 | 10 | Motion to Appear Pro Hac Vice. Receipt Number 53292, Fee Amount $50. Filed by Lloyd E. Ward Defendants Affiliated Corporate Services, Inc. , Lloyd Ward, PC . No local counsel. (Attachments: # 1 Receipt) (Cory, Lucinda) (Entered: 05/02/2005) |
| 05/06/2005 | 11 | Judge's Order Requesting Amended Motion to Appear Pro Hac Vice From Attorney Lloyd Ward (re: 10 Motion to Appear Pro Hac Vice filed by Defendant Affiliated Corporate Services, Inc., Defendant Lloyd E. Ward, Defendant Lloyd Ward, PC) Due by: 5/13/2005. (Faxed to Attorney Ward) (Davis, Jennifer) (Entered: 05/06/2005) |
| 05/08/2005 | 12 | BNC Certificate of Mailing - PDF Document. (RE: related documents(s) 11 Order Requesting Position, ) Service Date 05/08/2005. (Admin.) (Entered: 05/09/2005) |

***IN THE UNITED STATES BANKRUPTCY COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| ***IN RE MONICA O'DONOVAN*** | § | |
| | § | ***Bankruptcy No. 02-11261*** |
| ***Debtor*** | § | |
| | § | |
| | § | ***Adversary No. 1:05-ap-01020*** |
| ***MONICA O'DONOVAN*** | § | |
| | § | |
| ***Plaintiff*** | § | |
| ***v*** | § | |
| | § | |
| ***AFFILIATED CORPORATE SERVICES INC., LLOYD E. WARD AND LLOYD WARD P.C.*** | § | |
| | § | |
| | § | |
| ***Defendants*** | § | |

FILED APR 20 '05 10:23 USBCRI

**DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d) , MOTION TO DISMISS OR TRANSFER VENUE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW Affiliated Corporate Services Inc., and Lloyd Ward, who are defendants in *Monica O'Donovan v. Affiliate Corporate Services Inc., Lloyd Ward, and Lloyd Ward P.C.*, Adv. Pro. No. 1:05-ap-01020 (Bankr. RI, March 24, 2005), by their undersigned counsel, hereby file this Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d), Motion to Dismiss or Transfer Venue, and Memorandum of Law in Support Thereof, and in support thereof would show unto the Court as follows:

***INTRODUCTION***

This Motion requests that the District Court withdraw the reference of the above captioned Adversary Proceeding which is pending in the Bankruptcy Court for the Rhode Island (the "Bankruptcy Court").

FILED APR 25 '05 10:41 USBCRI

4/26/05 #Rec'd



8

United States District Courts have original subject matter jurisdiction of civil proceedings arising- under, or related to cases arising under title 11, which incorporates the United States Bankruptcy Code. As explained more fully below, 28 U.S.C. § 157(a) provides the ability for district courts to "refer" title 11 matters to the bankruptcy courts in their jurisdiction.

While 28 U.S.C. § 157 provides for reference of title 11 matters, the section also provides for permissive withdrawal of the reference of those matters on this Court's own motion or upon the timely motion of a party, for cause shown pursuant to 28 U.S.C. §157(d). Accordingly, The Defendants seek withdrawal of the reference for cause.

As described more fully below, withdrawal is appropriate in the Adversary Proceedings for the following reasons:

1. There currently exist an Civil Proceeding entitled *Affiliated Corporate Services Inc., v. Patriot Site Blasting f/k/a Patriot Excavating, Drilling & Blasting Inc., Monica O'Sullivan f/k/a Monica O'Donovan, Michael O'Sullivan, Patrick O'Sullivan, in the United States District Court for the Eastern District of Texas, Sherman Division, Cause No. 4:04cv 204*, which was filed on June 17, 2004 and set for Jury Trial on May 2, 2005. Plaintiff Monica O'Sullivan f/k/a Monica O'Donovan has made a formal appearance in that action, and has plead the discharge in bankruptcy as an affirmative defense, but has failed to comply with Court orders relating to discovery.

2. This action for contempt is based entirely upon the above described civil action still pending if U.S. District Court, and is a motion for the *filing* of that civil action.

3. The Adversary Proceedings do not meet the standards for core proceedings as set forth by the Fifth Circuit or fall under the non-exclusive list of core proceedings set forth in 28 U.S.C. § 157(b); and

4. Additional factors such as the existence of jury trial rights, judicial efficiency, prevention of forum shopping and the impact on uniform administration of the bankruptcy laws also establish cause for withdrawal of the reference.

Accordingly, the Defendants respectfully request that this Court withdraw the reference.

There currently exist another action pending upon the same grounds as that alleged in Plaintiff's Complaint to Hold Defendants in Contempt for Violation of Bankruptcy Law, and Plaintiff has alleged discharge as an affirmative Defense in that pending action (See No. 1 above for the caption of the case pending in the U.S. District Court for the Eastern District of Texas, Sherman Division). Therefore, pursuant to Federal Rules of Civil Procedure, Rule 12(b) and 28 U.S.C. § 1404, this action should be dismissed or transferred to the U.S. District Court for the Eastern District of Texas, Sherman Division, where the underlying action has been pending since June 17, 2004 and set for Jury Trial on May 2, 2005.

## ***FACTUAL BACKGROUND***

Defendant, Affiliated Corporate Services Inc. ("ACSI"), is a company who leases personal property, to individuals or corporations. Patriot Site Blasting f/k/a Patriot Excavating, Drilling & Blasting Inc. ("Patriot"), is an corporation who sought to finance, through leases with Plaintiff, equipment. After application was made by Patriot, and approved by Defendant, Patriot executed a Business Equipment Lease Agreements (the "Lease") on April 3, 1996. That lease was guaranteed by Michael O'Sullivan, Patrick O'Sullivan, and Plaintiff Monica O'Sullivan f/k/a Monica O'Donovan.

Section 3, of the Lease provides that all payments shall be promptly made on the first day of each month. Section 11 of the Lease provides that the equipment shall not be removed from the lessee's address, or the address designated on the lease, without the written consent of Defendant. On or about April 3, 2001, the lease matured by its own terms. Defendant mailed written notification of default to Defendant's regarding the maturing of the lease. As of this date of this action, the lease has not been paid in full, the equipment has not been returned, and the

default has not been corrected, and the Lease has been defaulted under its terms and conditions.

On June 17, 2004, Defendant ACSI filed a Civil Proceeding entitled *Affiliated Corporate Services Inc., v. Patriot Site Blasting f/k/a Patriot Excavating, Drilling & Blasting Inc., Monica O'Sullivan f/k/a Monica O'Donovan, Michael O'Sullivan, Patrick O'Sullivan, in the United States District Court for the Eastern District of Texas, Sherman Division, Cause No. 4:04cv 204.* On July 16, 2004, Plaintiff Monica O'Sullivan f/k/a Monica O'Donovan, filed an Answer in that action alleging as an affirmative defense that her liability had been Discharged pursuant to a prior bankruptcy. On August 3, 2004, Defendant ACSI forwarded formal discovery to Plaintiff O'Donovan relating to the bankruptcy, the equipment, and the co-defendants. At the pretrial scheduling conference on September 21, 2004, Plaintiff O'Donovan was directed by the Court to respond in full to the discovery and return the equipment, with the caveat that upon response in full to the discovery, and proof of the bankruptcy filing and notice, that Defendant ACSI was to dismiss the action against Plaintiff O'Donovan.

Plaintiff O'Donovan has failed and refused to return equipment, has failed to respond to the discovery, and has instead filed an action styled *Monica O'Donovan v. Affiliated Corporate Services Inc., Lloyd Ward and Lloyd Ward P.C., in the U.S. Bankruptcy Court for Rhode Island, Adversary No. 1:05-ap-01020.* Such adversary does not allege a cause of action but is a *"Complaint to Hold Defendants in Contempt for Violation of Bankruptcy Laws,"* and alleges only a contempt of court, not a cause of action.

It is based upon those facts that Defendants Affiliated Corporate Services Inc., Lloyd Ward, and Lloyd Ward P.C. filed these motions.

## ***PROCEDURAL BACKGROUND***

Monica O'Sullivan f/k/a Monica O'Donovan, has allegedly filed for bankruptcy on April 3, 2002, and the Order of Discharge was entered on July 5, 2002[1]. While Plaintiff alleges to have provided notice of the bankruptcy and discharge, as of this date no such proof has been forthcoming. In fact the motion to reopen the underlying bankruptcy, which was presumably filed, was not provided to Affiliated Corporate Services Inc., Lloyd Ward, nor Lloyd Ward P.C., though such addresses were obviously known and used for service of process.

On June 17, 2004, Defendant ACSI filed a Civil Proceeding entitled *Affiliated Corporate Services Inc., v. Patriot Site Blasting f/k/a Patriot Excavating, Drilling & Blasting Inc., Monica O'Sullivan f/k/a Monica O'Donovan, Michael O'Sullivan, Patrick O'Sullivan, in the United States District Court for the Eastern District of Texas, Sherman Division, Cause No. 4:04cv 204*. On July 16, 2004, Plaintiff Monica O'Sullivan f/k/a Monica O'Donovan, filed an Answer in that action alleging as an affirmative defense that her liability had been Discharged pursuant to a prior bankruptcy. That action is set for jury trial on May 2, 2005.

## ***ARGUMENT***

### I. THE BANKRUPTCY COURT'S JURISDICTION IS CONSTITUTIONALLY LIMITED

United States District Courts have original, but not exclusive, subject matter jurisdiction of all "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28

---

[1] These facts are taken from Plaintiffs *"Complaint to Hold Defendants in Contempt for Violation of Bankruptcy Laws,"* beginning at page 2, under "Facts." Facts alleged in an original complaint are presumed true in a motion to dismiss or transfer venue, see ***Baker v. Putnal***, *75 F.3d 190, 196 (5th Cir. 1996)*; ***American Waste & Pollution Control Co. v. Browning-Ferris, Inc.***, *949 F.2d 1384, 1386 (5th Cir. 1991).*

U.S.C. § 1334(b). The extent to which a district court is pennitted to delegate or refer its jurisdiction of title 11 proceedings was addressed within the Supreme Court's decision in ***Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.***, *458 U.S. 50, 87, 102 S. Ct. 2858, 2880, 73 L. Ed. 2d 598 (1982) (plurality opinion*. As summarized in ***In re Orion Pictures Corp.***, 4 F.3d 1095 (2d Cir. 1993):

> [T]he Supreme Court [in *Marathon]* ruled that Congress could not constitutionally empower a non-Article III bankruptcy court with the authority to adjudicate a state breach-of-contract action, based on a pre-petition contract, brought by a debtor against a defendant that had not filed a claim with the bankruptcy court. The court held that 'our Constitution reserves for Art. III courts' traditional functions of the judicial power such as adjudicating state breach of contract claims like that by the debtor against the defendant. Accordingly the court in *Marathon* found unconstitutional Congress's broad grant of jurisdiction to the bankruptcy courts to adjudicate such claims in the Bankruptcy Act of 1978.

*Id.* at 11 00 (citations omitted). Thereafter, in *Holland America Ins. Co.* v. *Succession of Roy,* 777 F.2d 992 (5th Cir. 1985), the Fifth Circuit stated, "Article I bankruptcy courts may not have original jurisdiction over adversary proceedings that do not intimately involve the debtor-creditor relationship and rest solely in issues of state law. *Id.* at 998.

28 U.S.C. § 157 was enacted in 1984 in response to the *Marathon* decision. Section 157 gives the district courts the authority to refer all bankruptcy cases, as well as proceedings "arising in or related to a [bankruptcy] case under title 11," to the bankruptcy courts. 28 U.S.C. § 157(a).

Section 157 was also designed to "fix" the constitutional problem raised by *Marathon* by reserving for Article III courts the final adjudicative authority over issues falling within their original jurisdiction. Accordingly, section 157(b) contains a non-exclusive list of "core" matters upon which Article I bankruptcy courts may hear and "enter appropriate orders and judgments."

*See* 28 D.S.C. § 157(b). Bankruptty courts are also permitted to hear, but not issue final orders on non-core matters "related to" a bankruptcy proceeding. *See* 28 U.S.C. § 157(c)(1); *Copelin* v. *Spireo,* Inc., 182 F.3d 174 (3d Cir. 1999).

Just as section 157 allows district courts to refer bankruptcy cases to the bankruptcy courts, it also authorizes district courts to withdraw that reference on both a mandatory and permissive basis. *See* 28 U.S.C. § 157(d). As applicable here, the district court may permissively withdraw the reference "on the motion of any party, for cause shown. *Id.* Because "cause" is not defined by the statute, the various district courts that have heard motions for permissive withdrawal have primarily considered whether the proceeding at issue is core or non-core, as well as the other factors discussed below. *See Orion,* 4 F.3d at 1101.

## II. THE ADVERSARY PROCEEDINGS ARE NOT CORE MATTERS PROPERLY HEARD BY THE BANKRUPTCY COURT.

### A. The Adversary Proceedings do not Contain Core Claims

The threshold question before this court is whether the Adversary Proceedings are core or non-core because "[a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Orion,* 4 F.3d at 1101.

The Fifth Circuit discussed the interaction of *Marathon* and section 157 in *In re Wood,* 825 F.2d 90 (5th Cir. 1987). The *Wood* Court held that a state law contract action was not a core proceeding, and adopted the following formulation for determining whether a claim is core or non-core:

> [A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. The proceeding before us does not meet this test and,

> accordingly, is a non-core proceeding. The plaintiff s suit is not based on any right created by the federal bankruptcy law. It is based on state created rights. Moreover, this suit is not a proceeding that *could arise only in the context of a bankruptcy*.

*Id.* at 97 (emphasis added) (footnote omitted).

The Adversary Proceedings are clearly predicated on pre-petition claims that (i) are not based upon and do not invoke any substantive right created by the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or any other federal statute applicable to bankruptcy proceedings, (ii) are based on state law created rights, in the instant cases, particular sections of the Texas Code and/or common law (which would be interpreted under Texas state law precedent), and(iii) could arise and be prosecuted outside the bankruptcy context. *See Wood,* 825 F.2d at 97. Moreover, proceedings based upon state law claims sounding in contract, tort, securities and commercial law against non-filing claimants, such as the Adversary Proceedings, generally should not be considered core. *See Orion,* 4 F 3d at 1100. Accordingly, the Adversary Proceedings do not meet the *Wood* test for core jurisdiction because they exclusively contain non-core, non-bankruptcy related state law claims.

In addition, Plaintiff admits in her pleadings that (i) the civil action is pending in the U.S. District Court for the Eastern District of Texas, Sherman Division, (ii) that the Complaint to Defendants in Contempt in the adversary is seeking sanctions for filing that action, (iii) that Plaintiff has already appeared in that action and filed an affirmative defense *identical* to the cause of action herein, (iv) on September 21, 2004, Plaintiff was offered the opportunity to extricate herself from that action by fully responding to discovery, but has failed to do so, and (v) that the civil action is set for trial on May 2, 2005, a mere five (5) weeks after the filing of this action and more than nine (9) months after having appeared in the underlying federal action.

The general rule applicable when duplicative lawsuits are pending in separate federal courts is "that the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997)*. The first filed rule is a doctrine of federal comity that promotes judicial efficiency. *Plating Resources, Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999)*. A court in which a duplicative suit is filed maintains the discretion to stay the suit before it or to allow both suits to proceed. *Smith, 129 F.3d at 361*

**B. The Action alleged by the Debtor/Plaintiff is not an adversary proceeding, but an action for comtempt**

The Debtor alleges that the Adversary Proceedings are core proceedings under 28 U.S.C. § 157 (b)(2)(A)(B)(C)(E) and (O), which respectively address (i) matters concerning the administration of the estate, (ii) allowance or disallowance of claims against the estate, (iii) counterclaims by the estate against persons filing claims against the estate, and (iv) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor creditor relationship.

The Debtor has engaged in an improper reading of 28 U.S.C. § 157(b)(2)(A), which deems core, matters "concerning the administration of the estate." As the *Orion* court explained, even if a state law dispute involves large sums and prompt resolution of the dispute would benefit the bankruptcy estate, considering such a proceeding core would "create an exception to *Marathon* that would swallow the rule. Any [state law] action that the debtor would pursue against a defendant presumably would be expected to inure to the benefit of the debtor estate and thus 'concern[s]' its 'administration.'" *Orion,* 4 F.3d at 1102. If successful, the outcome of the Adversary Proceedings could conceivably affect the administration of the estate. However, prior to that point, the Debtor should not be allowed to bootstrap a core jurisdiction determination the

Adversary Proceeding solely in an effort to keep them before the Bankruptcy Court.

The Adversary Proceedings do not involve allowance or disallowance of claims against the estate, counterclaims by the estate against persons filing claims against the estate or the adjustment ofa debtor-creditor relationship. *See* 28 U.S.C. § 157(b)(l)(C) and (0). The adversary proceeding is merely a motion for contempt, and not a proper adversary proceeding at all. It is filed as an adversary proceeding in order to bootstrap a contempt motion, which is not an adversarial issue, but a motion practice under 11 U.S.C. §105, see *In Re Walters*, 868 F.2d 665, 669 (4th Cir.1989) ("A court of bankruptcy has authority [under §§ 105] to issue any order necessary or appropriate to carry out the provisions of the bankruptcy code."); *In Re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir.1996) ("There can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct [under §§ 105]."); *In Re Skinner*, 917 F.2d 444, 447 (10th Cir.1990) (holding that Congress granted bankruptcy courts civil contempt power under 11 U.S.C. §§ 105.); *In Re Hardy*, 97 F.3d 1384, 1389 (11th Cir.1996) ("Section 105 grants statutory contempt powers in the bankruptcy context."); See also *In Re Power Recovery Systems, Inc.*, 950 F.2d 798, 802 (1st Cir.1991) ("Bankruptcy Rule 9020(b) specifically provides that a bankruptcy court may issue an order of contempt if proper notice of procedures are given.").

Accordingly, there is no dispositive justification for keeping the Adversary Proceedings in the Bankruptcy Court because they cannot be classified as core proceedings.

## III. WITHDRAWAL FOR CAUSE IS ALSO JUSTIFIED BY APPLICATION OF THE ADDITIONAL FACTORS

Section 157(d) provides that a district court may withdraw the reference "for cause shown." Apart from the threshold determination of whether the matters at issue in a proceeding are core, the *Holland* Court held that the withdrawal of the reference for cause is also predicated on the additional factors such as the existence of jury trial rights, judicial efficiency, prevention

of forum shopping and the impact on uniform administration of the bankruptcy laws, among other things. *See Holland*, 777 F.2d at 999; *see also Orion*, 4 F.3d at 1101. Consideration of these additional factors demonstrates that the reference of the Adversary Proceedings may be appropriately withdrawn from the Bankruptcy Court.

One *Holland* factor that militates in favor of withdrawal of the instant cases is the existence of jury trial rights and the intention to file a jury demand, which is set to begin in the underlying action on May 2, 2005. The determination of whether jury trial rights exist focuses on whether an adversary proceeding raises legal rather than equitable claims. *See Granjinanciera, S.A.* v. *Nordberg*, 492 U.S. 33, 57-59 (1989); *see also Langenkamp* v. *Culp*, 498 U.S. 42, 44-45 (1990) (using the *Granfinanciera* analysis to determine jury trial eligibility). Here, the Adversary Proceedings raise legal issues which have already been asserted, and which will be tried by the U.S. District Court for the Eastern District of Texas, Sherman Division, on May 2, 2005.

The Seventh Amendment's prohibition of re-examination of jury findings provides an irreconcilable conflict with the *de novo* review ofa bankruptcy court's issuance of findings of fact and conclusions of law when exercising jurisdiction in non-core matters. Thus, in non-core matters where a jury trial right exists, cause for withdrawal exists. *Orion*, 4 F.3d at 1101; *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

Another *Holland* factor to be weighed is the efficiency that will be maintained by withdrawal of the reference. If the reference is withdrawn, only one court will familiarize itself with the facts and law allegedly supporting the Adversary Proceedings- th the U.S. District Court for the Eastern District of Texas, Sherman Division, which will preside over a trial on merits of this action on May 2, 2005. Clearly, efficiency will be served by withdrawing the reference rather than having the Bankruptcy Court oversee complex non-bankruptcy related litigation beyond its realm of its jurisdiction.

Withdrawal of the reference will also prevent forum shopping. The Debtor filed the

Adversary Proceedings knowing full well that there was a federal civil action pending, that Debtor had already asserted the same affirmative defenses, and that the action was set for jury trial on May 2, 2005. This "adversary," which is actually a motion for contempt, is the most blatant form of forum shopping on its face.

***CONCLUSION ON WITHDRAWING THE REFERENCE***

For the foregoing reasons, this Court should enter an order, pursuant to 28 U.S.C. § 157(d), withdrawing the reference from the Bankruptcy Court with respect to the Adversary Proceedings.

***MOTION TO DISMISS OR TRANSFER VENUE***

The facts set forth in Plaintiffs *"Complaint to Hold Defendants in Contempt for Violations of Bankruptcy Laws,"* are presumed to be true (see footnote No. 1), and affirm the following facts (i) this action is an action seeking an order of contempt for Defendant Affiliated Corporate Services Inc.'s having filed a federal civil action in the U.S. District Court for the Eastern District of Texas, Sherman Division which was filed on June 17, 2004 and is set for jury trial on May 2, 2005, (ii) Plaintiff has made an appearance in that action, and filed an original answer asserting the same defenses that she now seeks a contempt motion on, and (iii) that at all times Defendants Lloyd Ward and Lloyd Ward P.C. was acting solely in their capacity as attorneys for Defendant Affiliated Corporate Services Inc..

Based upon the facts, as alleged in Plaintiff's Complaint (i) there is no cause of action alleged in Plaintiff's Complaint, merely at attempt to hold parties in contempt, (ii) Plaintiff is fully aware of the pending federal action in the U.S. District Court for the Eastern District of Texas, Sherman Division, and is seeking to obtain the same relief in both courts, and (iii) Plaintiff has blatantly attempted to forum shop.

**I. THIS ACTION SHOULD BE DISMISSED AS A MATTER OF LAW UNDER RULE 12(b)**

When considering whether a complaint states a claim for which relief can be granted

under Federal Rules of Civil Procedure ("F.R.C.P."), Rule 12(b)(6), the court must take the factual allegations of the complaint as true and resolve any ambiguities regarding the sufficiency of the claim in the plaintiff's favor. *Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); American Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991).* The complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms., 143 F.3d 1006, 1010 (5th Cir. 1998); Home Capital Collateral, Inc. v. FDIC, 96 F.3d 760, 764 (5th Cir. 1996); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284-85 (5th Cir. 1993).* However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982),* cert. denied, *459 U.S. 1105, 74 L. Ed. 2d 953, 103 S. Ct. 729 (1983).* A court must not accept conclusory assertions, and a plaintiff must assert facts to support a claim. See *Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995)* ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

Further, Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this pleading requirement is to put a defendant on notice of the claim and to allow for an adequate response. *Fraise v. Kelly, et al., 1998 U.S. Dist. LEXIS 18657, No.CIV.A.98-1863, 1998 WL 827387,* (E.D. La. Nov. 24, 1998) (citing Wright & Miller, Federal Practice & Procedure: Civil 2d § 1202).

Under the facts stated in Plaintiff's Complaint there is no cause of action, only a request for a finding of civil contempt, and damages from that contempt. Further, Plaintiff has set forth no actual causes of action in either contract or tort which would provide for damages against Affiliated Corporate Services Inc., or its attorney Lloyd Ward, and Lloyd Ward P.C.

Accordingly, the complaint should be dismissed as a matter of law.

## II. ALTERNATIVELY, THIS ACTION SHOULD BE REMOVED TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION.

The facts set forth in Plaintiffs *"Complaint to Hold Defendants in Contempt for Violations of Bankruptcy Laws,"* affirm that (i) this action is an action seeking an order of contempt for Defendant Affiliated Corporate Services Inc.'s having filed a federal civil action in the U.S. District Court for the Eastern District of Texas, Sherman Division which was filed on June 17, 2004 and is set for jury trial on May 2, 2005, and (ii) Plaintiff has made an appearance in that action, and filed an original answer asserting the same defenses that she now seeks a contempt motion on

The general rule applicable when duplicative lawsuits are pending in separate federal courts is "that the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997)*. The first filed rule is a doctrine of federal comity that promotes judicial efficiency. *Plating Resources, Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999)*. A court in which a duplicative suit is filed maintains the discretion to stay the suit before it or to allow both suits to proceed. *Smith, 129 F.3d at 361*.

A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Smith, 129 F.3d at 361*. The parties and issues need not be precisely identical. *Plating Resources, Inc., 47 F. Supp. 2d at 903*. To determine whether the first-to-file rule warrants transferring a case, three factors must be considered: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarities of the issues at stake." *Id. at 903-04*.

The chronology of the action is undisputed, the action filed in the U.S. District Court for the Eastern District of Texas, Sherman Division, was filed on June 17, 2004, a Scheduling Order was entered in that action on September 24, 2004, setting all pleading, discovery and designation

deadlines, and the case for trial on May 2, 2005. The parties are the same identical parties, except that Plaintiff herein as included Defendants legal counsel as "parties," in this action, and this action is based entirely upon the filing of the federal civil action pending in the U.S. District Court for the Eastern District of Texas, Sherman Division. Plaintiff's own pleadings evidence that it is intentionally duplicative.

Title 28 U.S.C. § 1404 (a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Factors to be considered in ordering a transfer pursuant to 28 U.S.C. § 1404 (a) include "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as the other public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991), cert. denied, 502 U.S. 821, 116 L. Ed. 2d 54, 112 S. Ct. 81 (1991).* The systematic integrity of the district courts weigh in favor of a transfer based upon the above discussion concerning the first-to-file rule. There is a civil action which has been pending since June of 2004, with a scheduling order in place, and Plaintiff herein as made an appearance, and asserted the same defenses as she now seeks damages for. The convenience of the witnesses does not weigh in favor of any party. Thus, in the interest of justice, this Court finds that this case should be transferred to the U.S. District Court for the Eastern District of Texas, Sherman Division

***CONCLUSION ON DISMISSAL OR TRANSFER OF VENUE***

The pending action should be dismissed as a matter of law under Rule 12(b), as this is not an adversarial, it is a motion for contempt. Plaintiff herein as not set forth a single independent cause of action in contract or tort, and seeks to assess damages against attorney's for filing a civil action in a separate Federal District Court. There exist no causes of action. Should, however, this Court determine that dismissal is not appropriate, this action should be removed to the U.S. District Court for the Eastern District of Texas, Sherman Division, where the underlying

action, with the same identical parties, and affirmative defenses, have been asserted.

Respectfully Submitted

Lloyd E. Ward
Bar Card #20845100
Lloyd Ward P.C.
5644 LBJ Freeway, Suite 201
Dallas, Texas 75204
Telephone (972) 361-0036
Facsimile (972) 361-0036
Attorney for Defendants Affiliated Corporate Services Inc., Lloyd Ward, and Lloyd Ward P.C.

Certificate of Service

A true and correct copy of the foregoing Motion was mailed via certified mail to Keven McKenna, 23 Acorn Street, Providence RI, 02903 on this 12 day of April, 2005.

Lloyd Ward

# Affidavit

State of Texas §
§
County of Dallas §

Before me the undersigned notary this day appeared personally appeared the below signed who after being duly sworn upon her oath stated:

"My name is Lloyd Ward, I am an attorney for Affiliated Corporate Services Inc., in *Affiliated Corporate Services Inc., v. Patriot Site Blasting f/k/a Patriot Excavating, Drilling & Blasting Inc., Monica O'Sullivan f/k/a Monica O'Donovan, Michael O'Sullivan, Patrick O'Sullivan, in the United States District Court for the Eastern District of Texas, Sherman Division, Cause No. 4:04cv 204*, which was filed on June 17, 2004 and set for Jury Trial on May 2, 2005., am over 21 years of age, have authority to make this affidavit, have personal knowledge of the facts stated herein, and they are true and correct.

The facts stated herein are true and correct, and the documents attached hereto are true and correct copies of documents, available as public documents over the PACER system in the U.S. District Court for the Eastern District of Texas Sherman Division.

Further Affiant sayeth not."

Lloyd Ward

Sworn to and subscribed before me on the 19 day of April, 2005

Notary for the state of Texas

my commission expires: 10/31/07

JESSICA WINKLER
Notary Public, State of Texas
My Commission Expires
October 31, 2007

FILED CLERK
U.S. DISTRICT COURT
04 SEP 27 PM 2:21
TEXAS-EASTERN
BY Sandra Southerland

# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

AFFILIATE CORP. SERVICES, INC. §
§
V. § CASE NO. 4:04cv204
§ (Judge Brown/Judge Bush)
PATRIOT SITE BLASTING, ET AL. §

## DOCKET CONTROL ORDER

This cause came on before the Court for a pre-trial management conference on September 21, 2004, pursuant to this Court's Local Rules and Rule 16 of the Federal Rules of Civil Procedure.

1. At the scheduling conference the parties informed the Court that initial disclosures had not been exchanged. Initial disclosures are to be exchanged by October 5, 2005.

2. The following schedule of deadlines is in effect until further Order of this Court:

a. All amended pleadings shall be filed by — October 8, 2005

It is not necessary to file a motion for leave to amend before the deadline to amend pleadings. It is necessary to file a motion for leave to amend after the deadline date. Amendments to add new causes of action or affirmative defenses will not be permitted except on a showing of good cause.

b. Additional parties must be joined by — September 30, 2004

c. Obtain Court approval of expert witnesses by filing written request with the Clerk on or before
- Plaintiff(s) on or before — November 19, 2004
- Defendant(s) on or before — November 30, 2004

A copy of the request for approval of expert witnesses shall be served on opposing counsel. The request for approval shall contain sufficient information concerning a proposed expert so that the Court can determine if the expert has the

qualifications to express the expert opinion to be offered by the witness. Any objections to the qualifications of the expert to render the opinion to be offered must be made in writing and filed within 15 days after the filing of the request for approval.

| | |
|---|---|
| d. Expert reports shall be furnished (These reports are <u>not</u> to be filed with the Court.) | December 15, 2004 |
| e. Any objections to the opinions contained in any report should be filed with the Court | December 30, 2004 |
| f. Discovery Completion | January 19, 2005 |

Discovery sought pursuant to Federal Rules of Civil Procedure 31, 33, or 36 shall be served at least 30 days prior to the date discovery is to be completed.

g. Motions:

| | |
|---|---|
| Filing dispositive motions | March 1, 2005 |
| Response to dispositive motions | March 25, 2005 |

See Local Rules CV-7 and CV-56, which particularly apply to dispositive motions.

h. Motions

| | |
|---|---|
| All other motions, including motions in limine, shall be filed by | April 1, 2005 |

unless the time for filing such motion is extended by order of the Court.

| | |
|---|---|
| i. Joint final pretrial order, proposed jury instructions and any trial briefs due by | April 8, 2005 |

Objections by any party to any exhibit shall be set forth in the pretrial order. Once exhibits have been numbered in the final pretrial order, no exhibit number may be changed without leave of Court.

Plaintiff(s) shall have the responsibility of taking the initiative in the preparation of the final pretrial order, however, the final preparation of the order is the joint responsibility of plaintiff(s) and defendant(s). Failure of any party to participate in the preparation of the final pretrial order so that the order can be filed by the time specified may result in the imposition of sanctions.

j. FINAL PRETRIAL CONFERENCE AT 9:00 A.M. ON April 22, 2005.

Lead counsel must attend the final pretrial conference.

If any party plans to offer a video deposition at the trial of this case, approval for the use of the video deposition shall be obtained at the final pretrial conference, and any objections to the use of the video deposition shall be submitted at the final pretrial conference and will be resolved by the Court at that time.

k. JURY SELECTION AND/OR TRIAL **May 2, 2005**

**Case to be tried when reached.**

***THIS IS THE ONLY NOTICE OF THE PRETRIAL CONFERENCE AND TRIAL SETTING YOU WILL RECEIVE FROM THE COURT.***

3. The following limitations on trial time will be observed by the parties herein: Plaintiff (1 days) and Defendants (1 days) for 2 days total trial time.

4. Each side is granted one (1) additional deposition, twenty (20) additional requests for admissions, and fifteen (15) additional interrogatories.

**IT IS SO ORDERED.**

Signed this 24 day of September, 2004.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUL 19 2004
DAVID J. MALAND, CLERK
BY
DEPUTY ____________

| | | |
|---|---|---|
| AFFILIATED CORPORATE SERVICES INC. Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 4 - 04CV204 |
| | § | |
| PATRIOT SITE BLASTING F/K/A PATRIOT EXCAVATING, DRILLING & BLASTING INC., MICHAEL O'SULLIVAN PATRICK O'SULLIVAN, AND MONICA O'SULLIVAN F/K/A MONICA O'DONOVAN JOINTLY AND SEVERALLY Defendant. | § | |

## ANSWER TO COMPLAINT

To the Honorable Judge of Said Court,

COMES NOW the defendant, Monica O'Donovan, for herself alone and in answering the allegations of the complaint on file herein, states as follows:

The jurisdiction and venue of this court is hereby challenged. This complaint should come under jurisdiction of the United States Bankruptcy Court.

Monica O'Donovan, Defendant filed for personal bankruptcy in 2002, case # 02-11261. Affiliated Corporate Services, Plaintiff was listed as a claimant as was the lease assignee AT&T Capital Corp. on defendant's bankruptcy (Refer to Exhibit A - 3 pages). This debt should all have been settled as part of the Bankruptcy proceedings. This bankruptcy was discharged on July 5, 2002 (Refer to Exhibit B - 1 page).

I hereby certify that a copy of this answer has been forwarded to the attorney for the Plaintiff, Lloyd Ward of Lloyd Ward & Associates, 5644 LBJ Freeway, Suite 201, Dallas, TX 75240 via Certified Mail 7002 3150 0000 7142 8422.

this 16th day of July, 2004

Respectfully Submitted,

Monica O'Donovan

Monica O'Donovan - Defendant
P.O. Box 529, 55 School Street
Albion, RI 02802
Tel: (401) 333 - 4985

Exhibit A

(Official Form 1) (9/01)

FORM B1

**United States Bankruptcy Court**
**District of Rhode Island**

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Monica O'Donovan** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all): **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** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code): **55 School Street Albion, RI 02802** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): **P.O. Box 529 Albion, RI 02802** | Mailing Address of Joint Debtor (if different from street address): |

07-02-11261

Location of Principal Assets of Business Debtor (if different from street address above):

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)

- [x] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)

- [x] Individual(s)
- [ ] Railroad
- [ ] Corporation
- [ ] Stockbroker
- [ ] Partnership
- [ ] Commodity Broker
- [ ] Other ______

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check on box)

- [x] Chapter 7
- [ ] Chapter 11
- [ ] Chapter 13
- [ ] Chapter 9
- [ ] Chapter 12
- [ ] Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)

- [x] Consumer/Non-Business
- [ ] Business

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments.

**Chapter 11 Small Business** (Check all boxes that apply)

- [ ] Debtor is a small business as defined in 11 U.S.C. § 101
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information (Estimate**

- [ ] Debtor estimates that funds will be available fo
- [x] Debtor estimates that, after any exempt propert paid, there will be no funds available for distrib

Estimated Number of Creditors: 1-15 [ ] 16- [ ]

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $ |
|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $ |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | |

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF RHODE ISLAND — RECEIPT

**Case # 02-11261 PVD** Chapter 7 **# 000047241 - JV**
Filed: 10:15 AM, 04/03/02 Providence 10:19 AM, April 03, 2002

| | Code | Qty | Amount |
|---|---|---|---|
| Judge: Arthur N. Votolato | 07 | 1 | $200.00 |

Trustee: Charles A Pisaturo Jr.
Debtor(s):
Monica O'Donovan

**First Meeting of Creditors**
03:00 PM, May 01, 2002
Office of U.S. Trustee
10 Dorrance Street - Room 915
Providence, RI 02903

**TOTAL PAID: $200.00**
From: Keven A. McKenna
McKenna Law Offices
23 Acorn Street
Providence, RI 02903-0000 1

VOLUNTARY PETITION

© 1993-2001 EZ-Filing Inc [1-800-998-2424] - Forms Software Only

(Official Form 1) (9/01) FORM B1, Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Monica O'Donovan** | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
| Location Where Filed: **None** | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor: **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

X Monica O'Donovan
Signature of Debtor

X ______
Signature of Joint Debtor

______
Telephone Number (If not represented by attorney)

April 1, 2002
Date

### Signature of Attorney

X Keven A. McKenna
Signature of Attorney for Debtor(s)

Keven A. McKenna 0662
Printed Name of Attorney for Debtor(s)

Keven A. McKenna, P.C.
Firm Name

23 Acorn Street
Address

Providence, RI 02903

(401) 273-8200
Telephone Number

April 1, 2002
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______
Signature of Authorized Individual

______
Printed Name of Authorized Individual

______
Title of Authorized Individual

______
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X Keven A. McKenna 4/01/02
Signature of Attorney for Debtor(s) Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

______
Printed Name of Bankruptcy Petition Preparer

______
Social Security Number

______
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X ______
Signature of Bankruptcy Petition Preparer

______
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.



© 1993-2001 EZ-Filing Inc [1-800-998-2424] - Forms Software Only

IN RE Monica O'Donovan Case No. 02-11261
Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Winograd, Shine & Zacks<br>123 Dyer Street<br>Providence, RI 02903 | | | Assignee or other notification for:<br>Active Capital Corp | | | | |
| Account No. 527550<br>Affiliated Corporate Services<br>2655 Villa Creek Drive, Suite 285<br>Dallas, TX 75234 | X | | 1996 Guarantor for lease finance agreement for Patriot Excavating; assigned to AT&T Capital Leasing Services, Inc. | | | | 201,366.00 |
| Account No.<br>AT&T Capital Leasing Services<br>550 Cochituate Road<br>Framingham, MA 01701 | | | Assignee or other notification for:<br>Affiliated Corporate Services | | | | |
| Account No.<br>American International Recovery, Inc.<br>C/O Virginia Waters,Esq.<br>10000 Midatlantic Drive, 310 West Wing<br>Mount Laurel, NJ 08054 | X | | 95-2001 Lexington Insurance | | | | 15,000.00 |
| Account No. 01-253A<br>Andrew & Christina Wrobel<br>C/O Jane Shepard<br>340 Main Street<br>Worcester, MA 01608 | X | | 1998 Damage Complaint against Patriot Excavating Drilling & Blasting | | | | 100,000.00 |
| Account No.<br>Associated Gas Products, Inc.<br>24 Vine Street<br>Everett, MA 02149 | X | | 95-2001 Guarantor of debt for Patriot, and Galway Rock | | | | 3,000.00 |
| Account No. 5413375120210436<br>Bank Of America<br>P.O. Box 53132<br>Phoenix, AZ 85072-3132 | | | 2000 Unpaid credit card debt | | | | 5,000.00 |

Sheet 1 of 14 Continuation Sheets attached to Schedule F

| | |
|---|---|
| Subtotal (Total of this page) | 324,366.00 |
| (Complete only on last sheet of Schedule F) TOTAL | |

(Report total also on Summary of Schedules)

© 1993-2001 EZ-Filing, Inc. [1-800-998-2424] Forms Software Only

Form B18(Official Form 18)
(9/97)

Exhibit B

# UNITED STATES BANKRUPTCY COURT
District of Rhode Island

In Re:
Monica O'Donovan
PO Box 529
Albion, RI 02802

Case Number: 02 - 11261

Chapter: 7

Debtor

Social Security Number:
Debtor: 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

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**Dated:** 07/05/02

**BY THE COURT**

Arthur N. Votolato
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Document No: 8-1

024858

# Monica O'Donovan

55 School Street
P.O. Box 529
Albion, RI 02802


June 12, 2004

Lloyd Ward & Associates
5644 LBJ Freeway
Suite 201
Dallas, TX 75244

Dear Mr. Lloyd Ward,

I have received a copy of the complaint\suit from Affiliated Corporate Services. I wish to advise you of the following,

Patriot Excavating Drilling & Blasting, Inc. filed for Chapter 11 in June ? 1998; case # 98-12736. This was converted from a Chapter 11 to a Chapter 7 in 1999?

I filed for personal bankruptcy in 2002, case # 02-11261.

Affiliated Corporate Services was listed as a claimant with the bankruptcy court as was the lease assignee AT&T Capital Corp.. The attorney for both bankruptcy cases was Attorney Keven McKenna, 23 Acorn Street, Providence, RI 02903.

Regards,

Monica O'Donovan

Monica O'Donovan

Via Certified Mail

Cc: Attorney Keven McKenna

PersonalMOD\Bankruptcy.wps

7002 3150 0000 7143 2740

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 37 |
| Certified Fee | 230 |
| Return Reciept Fee (Endorsement Required) | 175 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 442 |

ALBION RI 02802
Postmark Here
JUN 12 2004
USPS

Sent To: Lloyd Ward + Associates
Street, Apt. No.; or PO Box No.: 5644 LBJ Freeway Ste 201
City, State, ZIP+4: Dallas TX 75244

PS Form 3800, June 2002 See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

1. Article Addressed to:

Lloyd Ward + Associates
5644 LBJ Freeway
Suite 201

75240

2. Article Number 7002 3150 0000 7143 2740

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

4010/4084 #102618
4:04cv 204

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

AFFILIATED CORPORATE SERVICES, INC.

(b) County of Residence of First Listed Plaintiff DENTON
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
LLOYD WARD & ASSOCIATES
5644 LBJ FREEWAY
SUITE 201
DALLAS, TX 75240
214-749-7789

**DEFENDANTS**

PATRIOT SITE BLASTING F/K/A PATRIOT EXCAVATING, DRILLING & BLASTING INC., MICHAEL O'SULLIVAN, PATRICK O'SULLIVAN, AND MONICA O'SULLIVAN F/K/A MONICA O'DONOVAN JOINTLY AND SEVERLY

County of Residence of First Listed Defendant PROVIDENCE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
X 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | X 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
X 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury—Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C., SECT. 1332
BREACH OF CONTRACT

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ 340,389.16
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 6-15-04 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUN ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUN 17 2004
DAVID J. MALAND, CLERK
BY
DEPUTY

***IN THE UNITED STATES DISTRICT COURT***
***EASTERN DISTRICT OF TEXAS***
***SHERMAN DIVISION***

| | | |
|---|---|---|
| ***AFFILIATED CORPORATE SERVICES INC.*** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| ***v.*** | § | |
| | § | ***CAUSE NO.*** 4:04CV204 |
| ***PATRIOT SITE BLASTING F/K/A*** | § | |
| ***PATRIOT EXCAVATING, DRILLING &*** | § | |
| ***BLASTING INC., MICHAEL O'SULLIVAN*** | § | |
| ***PATRICK O'SULLIVAN, AND MONICA*** | § | |
| ***O'SULLIVAN F/K/A MONICA O'DONOVAN*** | § | |
| ***JOINTLY AND SEVERALLY*** | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFFS ORIGINAL COMPLAINT**

To the Honorable Judge of Said Court,

Comes now Affiliated Corporate Services Inc., hereinafter referred to as "Plaintiffs", and files this, its Plaintiffs Petition, against Defendant Patriot Site Blasting, f/k/a Patriot Excavating, Drilling & Blasting Inc., Michael O'Sullivan, Patrick O'Sullivan, and Monica O'Sullivan f/k/a Monica O'Donovan, hereinafter referred to as Defendants Patriot, and Guarantors respectively, and for cause of action would respectfully show unto the Court as follows;

***Jurisdiction and Venue***

1. Plaintiff Affiliated Corporate Services Inc., is a Texas Corporation.

2. Defendant Patriot Site Blasting f/k/a Patriot Excavating, Drilling & Blasting Inc., is a Rhode Island Company, who is not licensed to do business in the state of Texas, but has done business within this state

3. Defendants Michael O'Sullivan, Patrick O'Sullivan, and Monica O'Sullivan, are individuals who resides in the State of Rhode Island but has done business within the state of Texas.

4. The acts complained of herein were for the providing of financing of personal property located in the State of Texas, County of Denton, City of Lewisville.

5. There is complete diversity of citizenship between the parties, and the amount of damages sought is for in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and attorney's fees, and this Court has Jurisdiction pursuant to 28 U.S.C., § 1332.

6. The causes of action complained of herein are for breach of contract, fraud, conversion, and seeking a receivership be placed upon the business of Defendant. The parties herein are completely diversified, and pursuant to 28 U.S.C., Sect. 1332, as the causes of action complained of herein arise under Federal Diversity, this Court has jurisdiction over these parties and this proceeding.

***Service of Citation***

7. Defendant Patriot Site Blasting, is a corporation who is not licensed to do business in the State of Texas, and who may be served with citation by service upon its officer Kevin O'Sullivan, at 55 School, Albion, Rhode Island 02802.

8. Defendant Michael O'Sullivan, is an individual who does not reside in the State of Texas, and who may be served with citation at 139 Bishop St., Pawtucket Rhode Island, 02860

9. Defendant Patrick O'Sullivan, is an individual who does not reside in the State of Texas, and who may be served with citation at, 55 School, Albion, Rhode Island 02802.

10. Defendant Monica O'Sullivan f/k/a Monica O'Denovan, is an individual who does not reside

in the State of Texas, and who may be served with citation at, 55 School, Albion, Rhode Island 02802.

***Background***

11. Plaintiff, Affiliated Corporate Services Inc. ("ACSI"), is a company who leases personal property, to individuals or corporations.

12. Defendant Patriot Site Blasting f/k/a Patriot Excavating, Drilling & Blasting Inc. ("Patriot"), is an corporation who sought to finance, through leases with Plaintiff, equipment. After application was made by Defendant, and approved by Plaintiff, Defendant executed a Business Equipment Lease Agreements (the "Lease") on April 3, 1996. That lease was guaranteed by Defendants Michael O'Sullivan, Patrick O'Sullivan, and Monica O'Sullivan f/k/a Monica O'Donovan.

13. Section 3, of the Lease provides that all payments shall be promptly made on the first day of each month. Section 11 of the Lease provides that the equipment shall not be removed from the lessee's address, or the address designated on the lease, without the written consent of Plaintiff.

14. On or about April 3, 2001, the lease matured by its own terms. Plaintiff mailed written notification of default to Defendant's regarding the maturing of the lease.

15. As of the date of this action, the lease has not been paid in full, the equipment has not been returned, and the default has not been corrected, and the Lease has been defaulted under its terms and conditions.

16. After all legal offsets and deductions, the amount due and owing under the Lease is Two Hundred Forty Thousand, Three Hundred Eighty-Nine Dollars and 16/100 ($240,389.16).

17. In addition thereto, Plaintiff seek damages for conversion of its equipment in the amount of not less than One Hundred Thousand Dollars ($100,000.00), and damages for fraud in an amount of not less than One Hundred Thousand Dollars ($100,000.00).

***CAUSES OF ACTION***

***Breach of Contract Count I***

18. As set forth herein, Plaintiff and Defendant Patriot entered into the Lease wherein Plaintiff was to deliver certain equipment to Defendant Patriot. Such equipment was delivered to Defendant Patriot, who received and retained such equipment without notice of defect.

19. Defendants Patriot has failed and refused to comply with Lease by failing to make the required payments thereunder. Plaintiff has performed on the contract, and has committed no breach thereof. Defendant Patriot has accepted the benefit of the contract, and has failed to comply with the terms and conditions thereof.

20. Accordingly, Defendant Patriot has breached its Lease by failing to pay those amounts due and owing. Therefore Plaintiff is entitled to its actual damages, attorneys fees, pre and post judgment interest, and cost herein.

***Breach of Contract Count II***

21. As set forth herein, Plaintiff and Defendant Patriot entered into the Lease wherein Plaintiff was to deliver certain equipment to Defendant Patriot. Such lease was guaranteed by Defendant Guarantors. Such equipment was delivered to Defendant Patriot, who received and retained such equipment without notice of defect.

22. Defendants Patriot has failed and refused to comply with Lease by failing to make the required payments thereunder. Plaintiff has performed on the contract, and has committed

no breach thereof. Defendants Guarantors have accepted the benefit of the contract, and has failed to comply with the terms and conditions thereof.

23. Accordingly, Defendants Guarantors have breached its Lease by failing to pay those amounts due and owing. Therefore Plaintiff is entitled to its actual damages, attorneys fees, pre and post judgment interest, and cost herein.

***Common Law Fraud***

24. As set forth herein, Plaintiff was the owner of, and leased, certain personal property Defendants. That equipment was, and is the property of Plaintiff.

25. Defendants has failed to properly pay for the equipment and return the equipment to Plaintiff's address. Such actions are fraud upon Plaintiff, by taking the equipment without the intent to pay the leased equipment and return the equipment since the inception of the lease.

26. Those actions of Defendants is a fraud upon Plaintiff, for which Plaintiff is entitled to damages thereof. Due to the actions of Defendants, Plaintiff is entitled to its actual damages of Two Hundred Forty Thousand Three Hundred Eighty-Nine Dollars and 16/100 ($240,389.16).

27. Therefore, Plaintiff is entitled to its actual damages, punitive damages, pre and post judgment interest, and cost incurred herein.

***Conversion***

28. As set forth herein, Plaintiff was the owner of, and leased, certain personal property Defendant. That equipment was, and is the property of Plaintiff.

29. Defendant has failed to properly return the equipment at its correct address. Such actions

are fraudulent and an a conversion of Plaintiff's property. Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time, which may be effected by taking actual possession and control over the property of another so as to prevent the owner from the exercise of such rights.

30. Those actions of Defendants, by exerting custody and control over said equipment, is Conversion for which Plaintiff is entitled to damages thereof.

31. Due to the actions of Defendants, Plaintiff is entitled to its actual damages of Two Hundred Forty Thousand Three Hundred Eighty-Nine Dollars and 16/100 ($240,389.16), and exemplary damages in an amount on not less than one hundred thousand dollars ($100,000.00).

32. Therefore, Plaintiff is entitled to its actual damages, punitive damages, pre and post judgment interest, and cost incurred herein.

***Appointment of Receivership***

33. As set forth herein, Defendant has leased the equipment necessary for it to continue in business, and has refused to either pay for such equipment, or to return such equipment, and has continued to use such equipment for its own gain.

34. Therefore, pursuant to Texas Practices and Remedies Code, Section 64.001, Plaintiff request that this Court appoint a receiver to operate and maintain Defendants business pending an final adjudication of the issues raised herein.

Wherefore, Premises considered, Plaintiff prays that this Court require Defendants to appear, and upon final hearing that Plaintiff be awarded its damages as shown herein, attorneys fees, pre and

post judgment interest, cost and expenses incurred, and any further relief which Plaintiff may show itself entitled to at law or equity.

Respectfully Submitted,

Lloyd E. Ward
Bar Card #20845100
Lloyd Ward & Associates P.C.
5644 LBJ Freeway, Suite 201
Dallas, Texas 75204
Telephone (214) 749-7789
Facsimile (214) 749-7773
Attorney for Plaintiff

Case 4:04-cv-00204-PNB-DDB Document 1-1 Filed 06/17/2004 Page 8 of 8



# Affidavit

State of Texas §
§
County of Dallas §

Before me the undersigned notary this day appeared personally appeared the below signed who after being duly sworn upon his oath stated·

"My Name is Richard Galtelli, an officer of Affiliated Corporate Services Inc., I am over eighteen years of age, have never been convicted of a crime, am authorized to make this affidavit, have personal knowledge of the facts stated herein, and they are true and correct.

I have read the forgoing petition, and the facts stated therein are true and correct, and the amounts shown as due and owing, are correct amounts after all legal offsets and credits The causes of action set forth are correct, and the facts supporting each cause of action is correct.

Further Affiant sayeth not."

Richard Galtelli

Sworn to and subscribed before me on the 15th day of June, 2004.

Notary for the State of Texas

My commission expires 4/21/06

BECKY A. PICKERING
Notary Public, State of Texas
My Commission Expires
April 21, 2006

APR 20 '05

***IN THE UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| ***IN RE MONICA O'DONOVAN*** | § | |
| | § | ***Bankruptcy No. 02-11261*** |
| ***Debtor*** | § | |
| | § | |
| | § | ***Adversary No. 1:05-ap-01020*** |
| ***MONICA O'DONOVAN*** | § | |
| | § | |
| ***Plaintiff*** | § | |
| ***v*** | § | **Complaint** ________________ |
| | § | |
| ***AFFILIATED CORPORATE SERVICES INC.,*** | § | |
| ***LLOYD E. WARD AND LLOYD WARD P.C.*** | § | |
| | § | |
| ***Defendants*** | § | |

**ORDER GRANTING**
**DEFENDANTS' MOTION TO DISMISS**

CAME ON FOR CONSIDERATION this _____ day of ______________________, 2005, Defendants Affiliated Corporate Services Inc., Lloyd Ward and Lloyd Ward P.C.'s Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d), Motion to Dismiss or Transfer Venue, and this Court, after examination of the pleadings and evidence before it, finds that there exist a pending Federal Civil Action styled *Affiliated Corporate Services Inc., v. Patriot Site Blasting f/k/a Patriot Excavating, Drilling & Blasting Inc., Monica O'Sullivan f/k/a Monica O'Donovan, Michael O'Sullivan, Patrick O'Sullivan, in the United States District Court for the Eastern District of Texas, Sherman Division, Cause No. 4:04cv 204*, which was filed on June 17, 2004 and set for Jury Trial on May 2, 2005, that Plaintiff Monica O'Sullivan f/k/a Monica O'Donovan has made a formal appearance in that action, and has plead the discharge in bankruptcy as an affirmative defense, and this Court further finds that;

Plaintiff Monica O'Sullivan f/k/a Monica O'Donovan, has admitted in her pleadings that (i) the civil action is pending in the U.S. District Court for the Eastern District of Texas, Sherman Division, (ii) that the Complaint to Defendants in Contempt in the adversary is seeking sanctions for filing that action, (iii) that Plaintiff has already appeared in that action and filed an affirmative defense *identical* to the cause of action herein, (iv) on September 21, 2004, Plaintiff was offered the opportunity to extricate herself from that action by fully responding to discovery, but has failed to do so, and (v) that the civil action is set for trial on May 2, 2005, a mere five (5) weeks after the filing of this action and more than nine (9) months after having appeared in the underlying federal action, and therefore, this Court further finds that

Plaintiff Monica O'Sullivan f/k/a Monica O'Donovan's *"Complaint to Hold Defendants in Contempt for Violations of Bankruptcy Laws,"* fails to state a cause of action as (i) there is no cause of action alleged in Plaintiff's Complaint, merely at attempt to hold parties in contempt, (ii) Plaintiff is fully aware of the pending federal action in the U.S. District Court for the Eastern District of Texas, Sherman Division, and is seeking to obtain the same relief in both courts, and (iii) Plaintiff has blatantly attempted to forum shop, accordingly it is

ORDERED, ADJUDGED AND DECREED that Plaintiff Monica O'Sullivan f/k/a Monica O'Donovan's *"Complaint to Hold Defendants in Contempt for Violations of Bankruptcy Laws*, is hereby dismissed with prejudice, and Defendants Affiliated Corporate Services Inc., Lloyd Ward and Lloyd Ward P.C., are awarded their cost and expenses herein.

Signed on this ____ day of ______________, 2005

______________________________
Presiding Judge