ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **In Re: Monica O'Donovan** | :**(U.S. Bankruptcy No.: 02-11261)** |
| | : (Debtor) |
| | : (Withdrawn From U.S Bankruptcy Court |
| | :Adversary No. 1:05-: 01020) |
| | : |

| | | |
|---|---|---|
| **Monica 0' Donovan** | : | |
| **Plaintiff** | : | |
| | : | |
| **Vs.** | : | **CA 05-204T** |
| | : | |
| **Affiliated Corporate Services Inc.** | : | |
| **Lloyd E. Ward, and** | : | |
| **Lloyd Ward P.C.** | : | |
| **Defendants** | : | |
| | : | |

**PLAINTIFF'S SUPPLEMENTARY MEMORANDUM IN SUPPORT OF HER MOTION TO HOLD DEFENDANTS IN CONTEMPT FOR SUING PLAINTIFF FOR A DEBT WHICH WAS DISCHARGED BY HER BANKRUPTCY.**

1. **NOTICE WAS PROVIDED.**

At the pre-trial conference in this matter, counsel for the Defendants suggested that a defense of his clients was lack of a notice by the U.S. Bankruptcy Court in the first instance of the Bankruptcy filing by Monica O'Donovan.

According to the records of the U.S. Bankruptcy Court for the District of Rhode Island, attached hereto, as Exhibit A, notice was mailed on **April 3, 2002** to Affiliated Corporate Services, Inc. at 2655 Villa Creek Drive, Suite 285, Dallas, Texas, 75234, Document 915414. That notice provided that the objection to dischargeability of the debt was to filed by July 1, 2002. That notice was not returned to the Court. No objection was filed.

On July 5, 2002, in the matter of *In Re: Monica O'Donovan, debtor, 07-02-11261*, pursuant to the provisions of 11 U.S.C. §727(b), the U.S. Bankruptcy Court for the District of Rhode Island granted a discharge to the Plaintiff, Monica O' Donovan, of her debt as a guarantor of the former lease assigned to Affiliated Corporate Services, Inc. by AT&T Capital Leasing. The creditor, *Affiliated Corporate Services, Inc.*, was then by operation of law, 11 U.S.C § 524(a)(1)(2)and (3), permanently enjoined from bringing any legal action against her by operation of law, 11 USC 524(a) for the collection of the debt discharged by operation of law 11 U.S.C. §727 (b).

On **June 12, 2004** Monica O'Donovan, by certified mail, advised Lloyd E. Ward, the then counsel for the Defendants, that she had filed for personal bankruptcy in 2002, in Case #02-11261 in Rhode Island," and mailed him copies of her discharge and the notice matrix indicating that his clients had received previous notice of her bankruptcy petition.

Nevertheless, on or about **June 17, 2004, Affiliated Corporate Services, Inc**. filed suit against **Monica O' Donovan**, Michael O' Sullivan, Patriot Excavating, Drilling & Blasting, Inc.; and Patrick O'Sullivan in the Eastern District of Texas, Sherman Division of the United States District Court, in a cause numbered 4:04 cv204 for $240,389.16 as damages for conversion and for an alleged breach of an equipment lease originally made by *Patriot Excavating, Drilling & Blasting, Inc.* with AT&T Capital Leasing Services and guaranteed by Monica O'Donovan, Michael O' Sullivan and Patrick O'Sullivan. All of the Defendants in that Texas law suit, except Patrick O'Sullivan have been discharged from that debt by the U.S. Bankruptcy Court for the District of Rhode Island.

Thus, the Defendants received both a notice from the Clerk of the U.S. Bankruptcy Court on or about April 4, 2002 and a notice from the debtor on or about June 12, 2004.

Note that Affiliated Corporate Services, Inc did not file any timely objections to the petition of the Plaintiff before July 1, 2002.

Note that Affiliated Corporate Services, Inc., having received copies of the discharged on or about June 12, 2004, did not seek any relief for lack of notice from the U.S. Bankruptcy Court for the District of Rhode Island. A motion to remove and change venue is a not a defense to contempt. Even if the Clerk of the Court had not sent notice, the Defendants could have in June of 2004 have having received notice in their Texas proceedings of the discharge, they still could have sought relief from the stay in Rhode Island. Yet, they refused to do so. Lack of notice is not a viable defense to this contempt pleading.

**2. THIS IS A CORE PROCEEDING AND THE WITHDRAWAL OF REFERENCE IS JUDICIALLY EFFICIENT.**

At pre-trial the Court inquired about the question suggested in the Defendant's earlier motion as to whether or not a motion to enforce the statutory stay on actions by creditors was a core proceeding or not [1], pursuant to the provisions of 28 U.S.C.A. § 157 and whether the reference was proper. It is a core proceeding and the reference was proper.

---

[1] 28 U.S.C.A. § 157.. **(a)** Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
**(b)(1)** Bankruptcy judges may hear and determine **all cases under title 11** and **all core proceedings arising under title 11, or arising in a case under title 11**, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
**(2) Core proceedings** include, but are not limited to--
**(A)** matters concerning the administration of the estate;
**(B)** allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11

The only REAL issues here are contempt and venue. In the matter of *InRe: Monica O'Donovan, debtor, 07-02-11261,* Debtor/Plaintiff, Monica O'Donovan received a discharge of her debts from the U.S. Bankruptcy Court of the District of Rhode Island. Two years later, the Defendants filed suit in Texas on her discharged debt in a contemptuous violation of the statutory stay and discharge under 11 U.S.C § 524(a) (1) (2) and (3) and 11 U.S.C. § 727(b). Rather than accept the merits of the discharge in June of 2004, the Defendants improperly tried object to her motion for contempt in the Bankruptcy Court for the District of Rhode Island by asking that those contempt proceedings here be transferred to the Eastern District of Texas into order that a Texas Court could decide a contempt of an order of the District of Rhode Island Bankruptcy Court.

The Bankruptcy Court of the District Court of Rhode Island then referred the matter to this Honorable U.S. District Court for determination of the Defendants'

---

but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
(C) counterclaims by the estate against persons filing claims against the estate;
(D) orders in respect to obtaining credit;
(E) orders to turn over property of the estate;
(F) proceedings to determine, avoid, or recover preferences;
(G) motions to terminate, annul, or modify the automatic stay;
(H) proceedings to determine, avoid, or recover fraudulent conveyances;
**(I) determinations as to the dischargeability of particular debts;**
**(J) objections to discharges;**
(K) determinations of the validity, extent, or priority of liens;
(L) confirmations of plans;
(M) orders approving the use or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.
(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. **A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.**

procedural objections and on the merits of the contempt motion. Plaintiffs do not object now to the referral. Note, however, Defendants have yet to respond to the merits of the Plaintiff's motion to hold them in contempt.

While Defendants' analysis regarding core and non-core proceedings is interesting, it is irrelevant for purposes of this action. This action is one for contempt of court. Here a creditor is attempting to sue a debtor on a previously properly discharged debt, and Defendants' actions in attempting to sue the Plaintiff, Monica O'Donovan are in further direct and contemptuous violation of protections afforded by the Bankruptcy Code and Orders of the U.S. Bankruptcy Court for the District of Rhode Island.

All of the actions, as set forth in the detail of the complaint by Defendants were made in continuous violation of the provisions of 11 U.S.C § 524(a) (1) (2) and (3) and 11 U.S.C. § 727(b). Those statutes clearly have permanently restrained the Defendants from taking any action against the Plaintiff to collect a discharged debt.

This Honorable Court clearly has jurisdiction over this matter pursuant to 28 U. S.C.A. §157 (a) and (b)(1) and (b)(2).

The Defendants have blatantly violated the provisions of 11 U.S.C § 524(a)(1)(2) and (3), which permanently enjoined them from bringing any legal action against Plaintiff by operation of law, *11 USC 524(a)* for the collection of the debt which was discharged by operation of law *11 U.S.C. §727 (b).* These issues are purely questions of the enforceability of Federal Bankruptcy Law.

The Debtor/Plaintiff does not object to the U.S. District Court hearing its contempt motion rather than the U.S. Bankruptcy Court since it would eliminate possible dual adjudication of the contempt motion. The Defendants might have otherwise

appealed to the U.S. District Court from a decision holding them in contempt in the first instance. This Court has jurisdiction over the matters contained in her motion.[2]

The Plaintiff is a secretary without funds to litigate the enforcement of her bankruptcy act and seeks to reduce the costs of attorney's fee for the enforcement of her bankruptcy discharge. Thus, it would be more efficient and less costly to have the U.S. District adjudicate this enforcement action promptly without further ado.

The Defendants' objections have been frivolous and without merit.

Although Defendants have failed to make timely objections to her discharge or to seek a re-opening of her case, Debtor has followed the proper procedures to enforce the automatic stay provisions for a discharge under the provisions of the U.S. Bankruptcy Code;.[3] and, Debtor does not desire to engage in further costly procedural disputes. Debtor desires the U.S. District Court to decide the merits of her motion forthwith.

**3. VENUE IS PROPER.**

The underlying goal of the Defendants was to transfer the contempt motion to an inconvenient forum for the debtor in Texas. Unsecured creditors do not have the right to

---

[2] Arruda v. Sears, Roebuck & Co. 273 B.R. 332, D.R.I.,2002." Pursuant to 28 U.S.C. § 1334, this Court has jurisdiction over all civil proceedings arising under, arising in or related to cases under Title 11. 28 U.S.C. § 1334(b); *Bessette v. AVCO Fin. Servs. Inc.*, 240 B.R. 147, 152-53 (D.R.I.1999) *aff'd in part, vacated in part,* 230 F.3d 439 (1st Cir.2000). Federal district courts have original, but not exclusive, jurisdiction over bankruptcy cases. 28 U.S.C. § 1334(b). Jurisdiction is shared with the bankruptcy court, an arm of the district court, although the bankruptcy court can only hear cases that derive from the federal district court's bankruptcy jurisdiction. 28 U.S.C. § 1334(b); 28 U.S.C. § 157. Although cases are often referred to the bankruptcy court for resolution, the district court may withdraw its reference to the bankruptcy court and hear the case itself. 28 U.S.C. § 157(d). Because the complaints raise issues of bankruptcy law, this Court has jurisdiction."

[3] In re Ray, 262 B.R. 580, Bkrtcy.D.Me.,2001. "Kenneth initiated proceedings to enforce § 524's discharge injunction by a pleading styled "Motion for Contempt of Court." [FN9] Our circuit has made it clear that an aggrieved debtor may enforce the discharge injunction by invoking § 105(a). *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir.2000)**(no need to determine if a private right of action may be inferred from § 524 because a "remedy is readily and expressly available through another section of the Bankruptcy Code, namely § 105(a)").** A contempt proceeding is an appropriate vehicle by which a debtor aggrieved by violations of the discharge injunction may invoke § 105(a). *Id.* at 445 ("It follows ... that § 105 provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have."). Pursuant to the bankruptcy court's statutory contempt powers, it may impose sanctions against an offending party. *Id.* [FN10]".

dictate the venue of a Bankruptcy Case. See ***9 Am.Jur.2d §593***. If the Defendants desired to force the turnover of an alleged drill from the debtor, who was only a guarantor of a debt not the lessee of the drill, it should have been commenced an action in the District of Rhode Island, pursuant to the provisions of 28 U.S.C.§1410(b) against the actual debtor and lessee, Patriots Excavating, Drilling & Blasting, Inc., which was subject to a chapter 7 proceeding here in the U.S. District Court for the District of Rhode Island in the matter of BK 1:98-122736. Note that Patriots, Excavating, Drilling & Blasting, Inc. had possession of the disputed drill, not this Plaintiff.

A motion to withdraw the reference does not change the venue from a Rhode Island federal court to a Texas Federal Court. A bankruptcy proceeding may only be transferred from one state to another by the First Circuit Court of Appeals pursuant to the provisions of 28 USCS §1404 (a) and 28 USCS §1651(a).

The Defendants are acting in violation of a statutory order issued in the District of Rhode Island, not one issued by a Federal Court in Dallas, Texas. Only this District would have the right to hear this motion. Compare In re Singleton, 284 B.R. 322,324, D.R.I., 2002.[4]

---

[4] In re Singleton, 284 B.R. 322,324, D.R.I.,2002."Civil contempt is defined as "the failure to obey a court order that was issued for another party's benefit." *Black's Law Dictionary* 313 (7th ed.1999). Sanctions for violations of an injunction are generally administered by the court that issued the injunction. *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 236, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) (citation omitted); *In re Debs*, 158 U.S. 564, 594-95, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); *In re Y & A Group Sec. Litig.*, 38 F.3d 380, 383 (8th Cir.1994) (citing *Klett v. Pim*, 965 F.2d 587, 590-91 (8th Cir.1992) (holding that federal courts are precluded from "imposing a sanction for contempt of another court's injunction")); *Gray v. Petoseed Co., Inc.*, 985 F.Supp. 625, 628 (D.S.C.1996) (holding that a contempt action must be brought before the court that issued the order which was violated).[8]

This same principle applies to jurisdiction over contempt claims for violations of bankruptcy discharge under 11 U.S.C. § 524. Recently, Judge Lagueux held that both the bankruptcy court and this Court lack subject matter jurisdiction over discharge injunctions issued by bankruptcy courts in other districts. *Bessette v. Avco Fin. Servs., Inc.*, 279 B.R. 442, 449 (D.R.I.2002); *see also* *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 445-46 (1st Cir.2000) (citing *Williams v. Sears, Roebuck & Co.*, 244 B.R. 858, 867-68 (S.D.Ga.2000) (noting that district court will retain jurisdiction over contempt claim so long as discharge injunction was issued within the same district court)); *Pereira v. First N. Am. Nat'l Bank*, 223

**4. HEAVY SANCTIONS ARE APPROPRIATE.**

The Defendants have not denied any of the facts alleged in the Plaintiff's motions. They have only asserted frivolous procedural defenses. Moreover, the Defendants have refused to appear in this jurisdiction to litigate properly this matter, despite the requests of the U.S. Bankruptcy Court and the U.S. District Court to have proper counsel entered. Local Counsel for the Defendants did not appeared in this matter until this past month. Further delays should not be tolerated.

Unlike the matter of **In re Ray,** 262 B.R. 580, Bkrtcy.D.Me.,2001, where the defendant party ceased its contemptuous activities after notice of the stay and where an earlier attorney had given bad advice, these Defendants, as set forth in the Plaintiff's complaint of contempt, have intentionally, willfully continued to pursuant their collection activities against the Debtor even after notice personally from the Debtor on June 17, 2004 of the existence of her discharge. To the present, the Defendants are continuing to violate the discharge restrictions by refusing to dismiss their case against the Debtor in the State of Texas.

Severe sanctions are in order[5] for the outrageous activities of the Defendants, as set forth in more detail in the Plaintiff's complaint, including but not limited to (i)

---

B.R. 28, 31 (N.D.Ga.1998) (noting that a contempt action for violation of § 524 may only be heard by the court that issued the discharge injunction); *Williams*, 244 B.R. at 867 (holding that no jurisdiction exists to enforce § 524 through § 105 unless debtor received discharge through same court); *Nelson v. Providian Nat'l Bank (In re Nelson)*, 234 B.R. 528, 534 (Bankr.M.D.Fla.1999) (holding that "the bankruptcy court has no jurisdiction to entertain a private cause of action for damages by debtors who obtained their discharge in a court other than this one"). This Court finds Judge Lagueux's reasoning to be persuasive. Subject matter jurisdiction in this case is determined by the foregoing legal principle that only persons subject to a court's authority may be found in contempt by that court. *Bessette*, 279 B.R. at 449."

[5] In re Ray, 262 B.R. 580, 585, Bkrtcy.D.Me.,2001. "The upshot is that, acting on counsel's advice, Rachel has landed in hot water. Prosecuting her amended contempt motion was an unqualified, inexcusable violation of § 524's discharge injunction. Kenneth is entitled to relief, **and under First Circuit law that relief may include damages, punitive damages, and attorney's fees**. Kenneth, however, seeks only the counsel fees he incurred in securing the peace to which his discharge and the adversary proceeding judgment entitled him. His counsel's

compensatory damages, her attorney's fees, expenses, and costs, lost wages for attending court proceedings, and for emotional stress; (ii) an award of punitive damages, including the refund of any attorneys' fees paid to Lloyd E. Ward, Lloyd E. Ward, P.C. by *Affiliated Corporate Services, Inc.* for filing prohibitive legal suits against the Plaintiff, and, (iii) an award of punitive damages to the Plaintiff in the form of a daily fine of $5,000 a day for each day hereafter that the Defendants' have continued to pursue their illegal and contemptuous collection complaint against the Plaintiff in the State of Texas after notice. Compare. In re Rivera Torres ,1st Cir.BAP (P.R.),2004.309 B.R. 643, 93 A.F.T.R.2d 2004-2428, 2004-2 USTC P 50,379, 52 Collier Bankr.Cas.2d 120, Bankr. L. Rep. P 80,130.[6]

---

unchallenged (and objectively reasonable) affidavit and itemization of fees establishes those fees and costs as $564.53. [FN15]." (Emphasis Added).

[6] In re Rivera Torres ,1st Cir.BAP (P.R.),2004.309 B.R. 643, 93 A.F.T.R.2d 2004-2428, 2004-2 USTC P 50,379, 52 Collier Bankr.Cas.2d 120, Bankr. L. Rep. P 80,130 "The statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers of a federal court to enforce its own orders. *See International Union, UMWA v. Bagwell,* 512 U.S. 821, 831, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) ("The traditional justification for the relative breadth of the contempt power has been necessity...."). *See also Goya Foods, Inc. v. Wallack Mgmt. Co.,* 290 F.3d 63, 78 (1st Cir.), *cert. denied,* 537 U.S. 974, 123 S.Ct. 434, 154 L.Ed.2d 330 (2002). Federal courts are empowered to issue civil contempt sanctions to "protect [ ] the due and orderly administration of justice and ... maintain[ ] the authority and dignity of the court." In a civil contempt proceeding, a monetary sanction, assessed for the purpose of compensating the complainant for losses sustained by reason of the contemnor's acts, is within the universe of permissible sanctions.

*Id.* (internal quotations and citations omitted). A court has broad discretion in its choice of civil contempt sanctions and both the choice of sanction and the amount of the award are reviewed under the abuse of discretion standard. *Id.* The amount of the sanction need only "be established by competent evidence, and must bear a reasonable relationship to the actual losses sustained by the injured party." *Id.*

There is no express inclusion or exclusion of emotional damages in *Bessette;* nonetheless, we are satisfied that the sweep given § 105(a) by the First Circuit in that case is broad enough to include such damages within the ambit of actual damages for a violation of § 524, "if the merits so require." *Bessette,* 230 F.3d at 445.

Consistent with this determination, bankruptcy courts across the country have appropriately used their statutory contempt power to order monetary relief, in the form of actual damages, attorney fees, and punitive damages, when creditors have engaged in conduct that violates § 524." *See, e.g., In re Hardy,* 97 F.3d [1384] at 1389-90 [(11th Cir.1996)]; *In re Elias,* 98 B.R. at 337; *Cherry,* 247 B.R. at 191; *In re Arnold,* 206 B.R. 560, 568 (Bankr.N.D.Ala.1997); *Wiley v. Mason (In re Wiley),* 224 B.R. 58, 66 (Bankr.N.D.Ill.1998) (denying motion to dismiss), *vacated on other grounds,* 237 B.R. 677 (Bankr.N.D.Ill.1999) (finding class representative inadequate because she suffered no injury); *Matthews,* 184 B.R. at 599-601; *In re Bowling,* 116 B.R. 659, 664-65 (Bankr.S.D.Ind.1990); *cf. In re Rosteck,* 899 F.2d 694, 697 (7th Cir.1990) (affirming sanction for violation of § 524 without reference to § 105 contempt powers).

**5. Summary:**

This matter should be set down for summary disposition. There should be no further delay. Plaintiff does not object to this Court's prompt hearing on reference. Defendants are in contempt. They have no valid defenses on the merits, and their procedural objections are frivolous. At hearing Plaintiff will present an affidavit in support of her damages and request for punitive damages consistent with her motion; and her attorney will present an affidavit for an award of attorney's fees, which had at present are in the amount to date of $9,751.50.

Respectfully Submitted.
Plaintiff
Monica O'Donovan
By Her Attorneys

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

**CERTIFICATION**

I hereby certify that on October 1, 2005, I mailed a true and exact copy of the within to Counsel for the Defendants, George J. West, Attorney At Law, 1500 Financial Plaza, Suite 1510, Providence, Rhode Island, 02903 ~~(Fax 401-861-2922~~), and by mail to the Office of the U.S. Trustee, Room 910, 10 Dorrance Street, Providence, Rhode Island 02903-2018.