UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Monica O'Donovan                          :
    Plaintiff                              :
                                           :
    vs.                                    :        C.A. No. 405-204T
                                           :
Affiliated Corporate Services, Inc.       :
Lloyd Ward and                            :
Lloyd Ward, P.C.                          :
    Defendants                             :

## DEFENDANT'S MEMORANDUM OF LAW

One practical reality should first be mentioned. Counsel is advised that in the Texas matter, which is the root cause of the plaintiff's filing of the instant matter, the plaintiff there (defendant here) Affiliated, has dismissed the action as to plaintiff, Monica O'Donovan. Therefore, the Texas matter which plaintiff here finds objectionable is at an end.

This Memorandum addresses two issues. What notice must be given to the creditor? Here plaintiff has produced schedule showing the name of defendant but lists its old address. Prior to the bankruptcy filing plaintiff ought to have been aware of and used in her bankruptcy filing the defendant's new address. The old address at the time of the lease in 1996 was 1655 Villas Creek Drive, Ste 285, Dallas, Texas. The new address when they moved in late summer 1996 was 1550 Waters Ridge Drive, Lewisville, Texas, as detailed in the attached affidavit. The defendant here

undertook numerous collection correspondence with plaintiff's company as detailed in the affidavit. It is clearly the case the plaintiff had or should have had the defendant's address at the time of her filing in late March or early April of 2002 but failed to use it. She was required to use the defendant's new address. The failure to include the then current address as required left the defendant with no notice of the bankruptcy filing.

11 U.S.C. §523(a)(3) concerns itself with protecting a creditor's right to receive a distribution through the filing of a timely proof of claim and a creditor's right to seek a determination of dischargeability of a debt under sections 523(a)(2), (a)(4) and (a)(6). In subsection (a)(3)(A), if a debt has not been scheduled in time for the creditor to file a proof of claim in a case in which a distribution is made to creditors, the debt is nondischargeable. In order that a debt be "listed or scheduled," the debtor should comply with the provisions of section 521(1) requiring the debtor to file a list of creditors and other matters. In compliance with Bankruptcy Rule 1009, the debtor may file an amended schedule to include an omitted debt, thereby avoiding nondischargeability. But the amendment must be filed and the creditor notified within the time period allowed for the creditor to timely file a proof of claim and otherwise participate in the case. Federal Rule of Bankruptcy Procedure 1007(a) requires that a list of creditors be filed "containing the

2

name and address of each creditor" and Rule1007(b) requires that a schedule

of liabilities be prepared in the manner prescribed by the appropriate Official

Forms. Official Form 6, in turn, requires the "complete mailing address

including zip code" of creditors scheduled. Where the debtor has actual

knowledge of or, by the exercise of reasonable diligence, could have

ascertained the creditor's address in time to timely schedule it, the debt will

not be discharged. *In re* Springer, 127 B.R. 702 (Bankr. M.D. Fla. 1991) ; *In*

*re* Robertson, 13 B.R. 726 (Bankr. E.D. Va. 1981) ; Haft v. Gelman (*In re*

Gelman), 5 B.R. 230 (Bankr. S.D. Fla. 1980) ; Wyser v. Estrin, 285 A.D.

827, 136 N.Y.S.2d 744 (N.Y. App. Div. 1955) ; Miller v. Guasti, 226 U.S.

170, 33 S. Ct. 49, 57 L. Ed. 173 (1912)

    The second issue this court has asked counsel to address is where

there is not notice what is the creditor required to do, if he becomes aware of

the general discharge, must he then go back to the issuing bankruptcy court

of is the creditor free to pursue its claim against the debtor as though the

discharge were a nullity.  The law in this area is clear and settled pursuant to

statute 11 U.S.C. §523(a)(3).  The statute clearly exempts from discharge a

debt owed to a creditor who the plaintiff failed to provide notice of the

Chapter 7 filing.  H.R. Report No. 95-595, 95th Cong., 1st Sess. 363 (1977),

reprinted in App. Pt. 4(d)(i), See 4-523 Collier on Bankruptcy - 15th Edition
Revised P 523.09.

Here then because the plaintiff failed to provide defendant with notice

of the bankruptcy and first noticed the defendant in the context of the Texas

matter filed some two years later by letter and filing of an answer raising the

matter. That notice does nothing to the exemption from the discharge. The

debtor would have had to give that notice within the time frame that the

creditor could have filed a proof of claim in the bankruptcy case. As all

would agree here plaintiff's bankruptcy case had long since closed at the

time of the filing of the Texas action. *In re* Springer, 127 B.R. 702 (Bankr.

M.D. Fla. 1991) ; *In re* Robertson, 13 B.R. 726 (Bankr. E.D. Va. 1981) ;

Haft v. Gelman (*In re* Gelman), 5 B.R. 230 (Bankr. S.D. Fla. 1980) ; Wyser

v. Estrin, 285 A.D. 827, 136 N.Y.S.2d 744 (N.Y. App. Div. 1955) ; Miller v.

Guasti, 226 U.S. 170, 33 S. Ct. 49, 57 L. Ed. 173 (1912)

The debt was exempt from the discharge. The creditor was free here

to pursue its action in Texas. It did so. There was no contempt of court

here. See Discharge Exception for Debts Not Duly Listed or Scheduled; §

523(a)(3) 4-523 Collier on Bankruptcy - 15th Edition Revised P 523.09

It is respectfully submitted that plaintiff's action ought to be dismissed

4

as there can be no willful intent to disobey the discharge where as here the

debtor failed to list the correct address of the Creditor.

Respectfully submitted,

George J. West, #3052
One Financial Plaza, Suite 1500
Providence, RI  02903
401-861-9042
401-861-0330 fax

## CERTIFICATE

I hereby certify that on this _18_ day of October 2005, I
forwarded a copy of the within Defendant's Memorandum of Law to Keven
A. McKenna, Esq., Keven A. McKenna, P.C., 23 Acorn Street, Providence,
RI  02903.

State of California       §
                         §
County of Fresno         §

Before me the undersigned notary this day appeared personally appeared the below signed who after being duly sworn upon his oath stated:

"My name is Richard Galtelli, I am an officer and director of Affiliated Corporate Services Inc., am over 21 years of age, have authority to make this affidavit, have personal knowledge of the facts stated herein, and they are true and correct.

I am a custodian of the records of Affiliated Corporate Services Inc., and attached hereto as exhibits are records from the files of Affiliated Corporate Services Inc. The records are kept by myself or my staff in the regular course of business, and it was the regular course of business of for me to keep such records, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

Affiliated Corporate Service Inc. ("ACSI"), leased equipment to Patriot Excavating Drilling & Blasting Inc. ("Patriot"), on April 3, 1996. That Lease was signed by Monica O'Donovan, and guaranteed by Michael O'Sullivan and Patrick C 'Sullivan (hereinafter the "O'Sullivan's"). At the time of the lease ACSI's address was 2615 Villas Creek Drive, Suite 285, Dallas Texas 75234. The address for Patriot and the O'Sullivan's was 307 Farnum Pike, Smithville RI 02971. During the late summer of 1996, ACSI moved to 1550 Waters Ridge Dr. Lewisville TX 75057  A copy of the original lease is attached hereto.

At the time of the origination of the lease, the right to receive payments under the lease

were hypothecated to AT&T Capital Leasing Services Inc. ("AT&T"). Under the agreement with

AT&T, at the time the Lease matured, it was automatically reassigned to ACSI, who would own

both the residual rights to the equipment, and any rights relating o sale or reletting of the

equipment. ACSI had an ongoing and existing relationship with AT&T, and hypothecated

numerous leases to AT&T.

That lease matured on or about April 3, 2001, the Lease reverted to ACSI, and notices of

maturity and request for either return of the leased equipment or payment of the residual value of

the equipment. All notices were sent to 307 Farnum Pike, Smithville RI 02971. Demands for

payment or return of equipment were made for a period of six months beginning in April of

2001, and continuing until October of 2001. Such demands were automatic, and were carried out

under the computer programs which were in place at that time. All of those demands were

printed on pro forma documents, computer generated, with the company letter head, which

showed our physical address of 1550 Waters Ridge Dr. Lewisville TX 75057. I do not have the

physical copies of those items as I have been unable to locate the actual physical file since our

move from Texas to California in March of 2005. I have verified the veracity and accuracy of

this information by review of the computer records. I have also previously viewed those notices

at the time I met with Counsel, Lloyd Ward, to pursue this matter in March of 2004. All letter

head used from late summer of 1996 until our move in March of 2005, was 1550 Waters Ridge

Dr. Lewisville TX 75057, as it was the only address in the computer to print and send mail or any

type on.

We received no notice of any bankruptcy from Patriot, or any of the O'sullivan's. In

March of 2004, we retained Lloyd Ward to prosecute a number of defaulted lease agreements,

AFFIDAVIT                                       Page-2

including the Patriot Lease. It was determined that Patriot did not exist any more as the
telephone was disconnected, all certified mail sent in 2001 had been returned, and there existed
no telephone directory number or yellow page listing for Patriot. Through the use of a person
locator firm, the O'Sullivan's were located, and the new company Patriot Blasting Inc., were
located at 55 School Road, Albion RI 02802.

On May 19, 2004, demand for payment and/or return of equipment was sent via certified
mail to Patriot and the O'Sullivan's. See attached hereto. There was no response to that mail
though it was received, and a copy of the actual petition filed attached. On June 17, 2004, due to
the lack of response, the petition was filed in the U.S. District Court for the Eastern District of
Texas, Sherman Division was filed. See Attached hereto. On June 22, 2004, Counsel Lloyd
Ward received a certified letter, the first contact with Ms. O'Donovan/O'Sullivan, which asserted
that a Bankruptcy had been filed. See attached hereto. On July 19, 2004, Ms. O'Donovan/
O'Sullivan filed an original answer, asserting as an affirmative defense, that she had filed
Bankruptcy. See attached hereto. Therefore, the issue as to the bankruptcy, notice and discharge
were before the Court, and I assumed that all the issues now before a Federal Court in Rhode
Island would be before the Federal Court in Texas where she first appeared and made the same
claims as she now asserts in Rhode Island.

On August 3, 2004, in response to the answer and claims of bankruptcy, Interrogatories
and production of documents were propounded to Ms. O'Donovan. Those interrogatories and
production of documents, at questions 7 and 8. See attached hereto. On September 21, 2004, at
a scheduling conference, both Ms. O'Donovan and Mr. McKenna appeared by telephone. At that
conference Ms. O'Donovan was instructed to respond in full to the discovery, and ACSI was

AFFIDAVIT                                    Page-3

instructed that once Ms. O'Donovan responded to the Discovery, if she had indeed filed a chapter 7 Bankruptcy and given ACSI notice, Ms. O'Donovan was to be dismissed from the case.

To this date Ms O'Donovan and Mr. Kennan have not complied with the Court's requirements and instructions, and has not answered that discovery. In fact, Ms. O'Donovan waited until March 24, 2005, to reopen the bankruptcy and file and adversary in it, alleging the same items as her answer in the existing Federal Court in Sherman Texas, with knowledge that the trial on the merits in the existing Federal court in Sherman Texas was set for May 2, 2005, and had been so set since September 27, 2004. All of the actions by Ms. O'Donovan and Mr. McKennan have been a blatant attempt to circumvent the pending action and discovery in the Federal Court in Sherman Texas.

Further Affiant sayeth not."

Richard Galtelli

Sworn to and subscribed before me on the 14th day of October
_____, 2005.

Notary for the state of California

my commission expires: 4-11-07



SUZETTE LEE WIGGS
COMM. #1410918
NOTARY PUBLIC-CALIFORNIA
FRESNO COUNTY
My Comm. Exp. April 11, 2007

AFFIDAVIT                        Page-4

# LEASE AGREEMENT

**TO OUR VALUED CUSTOMER:** This Lease has been written in "Plain English." When we use the words *you* and *your* in this Lease, we mean *you, our customer*, which is the *Lessee* indicated below. When we use the words *we, us,* and *our* in this Lease, we mean the *Lessor*, Affiliated Corporate Services, Inc.

| **CUSTOMER INFORMATION** | Lessee Name<br>Patriot Excavating, Drilling & Blasting, Inc. | | Approval # |
|---|---|---|---|
| | Billing Street Address/City/County/State/Zip<br>307 Farnum Pike, Smithfield, Esmond, RI   02917 | | Lease # |
| | | Lessee Phone # | Customer # |
| | Equipment Location (if different from above) | (401) 232-1500 | Tax ID # |

| **SUPPLIER INFORMATION** | Supplier Name<br>Job-Site Equipment Corporation | **("SUPPLIER")** |
|---|---|---|
| | Street Address/City/State/Zip<br>11 O'Keefe Lane, Warwick, RI   02888 | Supplier Phone #<br>(401) 785-9800 |

## EQUIPMENT DESCRIPTION

| Quantity | Make/Model | Serial Number |
|---|---|---|
| 1 | 1996 Sullivan Model VCR361 Valveless<br>Continuous Rotation Air Track Drill | S/N 550390 |

| **END OF LEASE PURCHASE OPTION** | (Check one applicable box. If no box is checked or if more than one box is checked, the Fair Market Value Purchase Option will apply.)<br>☒ Fair Market Value Purchase Option   ☐ Fixed Price Purchase Option of $_____<br>☐ Fixed Price Purchase Option of _____% of the Total Cash Price | **PLUS APPLICABLE TAXES** |
|---|---|---|

| **TERM AND LEASE PAYMENT SCHEDULE** | Lease Term (Months)<br>48<br>Additional Provisions | Lease Payment<br>4,474.80 | You agree to pay at the time you sign this Lease:<br>A) Total Advance Lease Payment: 3 (Mos.) = $ 13,424.40<br>B) Sales/use Tax on Advance Lease Payment = $ 939.72<br>C) One-time Documentation Fee = $ 150.00<br>D) Total of A + B + C = $ 14,514.12<br>If more than one Lease Payment is required in advance, the additional amount will be applied at the end of the original term. | **PLUS APPLICABLE TAXES** |
|---|---|---|---|---|

| **INSURANCE & TAXES** | You are required to provide and maintain insurance related to the Equipment, and to pay any property, use and other taxes related to this Lease or the Equipment. (See Sections 4 and 6 on the back of this Lease.) If you are tax-exempt, you agree to furnish us with satisfactory evidence of your exemption. |
|---|---|

| **TERMS AND CONDITIONS** | BY SIGNING THIS LEASE: (i) YOU ACKNOWLEDGE THAT YOU HAVE READ AND UNDERSTAND THE TERMS AND CONDITIONS ON THE FRONT AND BACK OF THIS LEASE, (ii) YOU AGREE THAT THIS LEASE IS A NET LEASE THAT YOU CANNOT TERMINATE OR CANCEL, YOU HAVE AN UNCONDITIONAL OBLIGATION TO MAKE ALL PAYMENTS DUE UNDER THIS LEASE, AND YOU CANNOT WITHHOLD, SET OFF OR REDUCE SUCH PAYMENTS FOR ANY REASON, (iii) YOU WILL USE THE EQUIPMENT ONLY FOR BUSINESS PURPOSES, (iv) YOU WARRANT THAT THE PERSON SIGNING THIS LEASE FOR YOU HAS THE AUTHORITY TO DO SO AND TO GRANT THE POWER OF ATTORNEY SET FORTH IN SECTION 7 OF THIS LEASE, (v) YOU CONFIRM THAT YOU DECIDED TO ENTER INTO THIS LEASE RATHER THAN PURCHASE THE EQUIPMENT FOR THE TOTAL CASH PRICE, and (vi) YOU AGREE THAT THIS LEASE WILL BE GOVERNED BY THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS AND YOU CONSENT TO THE JURISDICTION OF ANY COURT LOCATED WITHIN MASSACHUSETTS. YOU AND WE EXPRESSLY WAIVE ANY RIGHTS TO A TRIAL BY JURY. |
|---|---|

Affiliated Corporate Services, Inc.                Patriot Excavating, Drilling & Blasting, Inc.

Lessor                                             Lessee
X _R. S___ Pres.                                   X Monica O'Donovan

Authorized Signature                               Authorized Signature
X                                                  X Monica O'Donovan   3-27-96
James R. Lahti    President    4-3-96              Print Name & Title  President
Print Name & Title           Date                  Date

# PERSONAL GUARANTY

**THIS PERSONAL GUARANTY CREATES SPECIFIC LEGAL OBLIGATIONS.** When we use the words *you* and *your* in this Personal Guaranty, we mean the *Personal Guarantor(s)* indicated below. When we use the words *we, us* and *our* in this Personal Guaranty, we mean the *Lessor named above*.

In consideration of your entering into the lease agreement identified above ("Lease"), you unconditionally and irrevocably guarantee to us, our successors and assigns the prompt payment and performance of all obligations of the Customer identified above ("Lessee") under the Lease. You agree that this is a guaranty of payment and not of collection, and that we can proceed directly against you without first proceeding against the Lessee or against the equipment covered by the Lease. You waive all defenses and notices, including those of protest, presentment and demand. You agree that we can renew, extend or otherwise modify the terms of the Lease and you will be bound by such changes. If the Lessee defaults under the Lease, you will immediately perform all obligations of the Lessee under the Lease, including, but not limited to, paying all amounts due under the Lease. You will pay to us all amounts (including attorneys' fees) incurred by us in enforcing our rights against you or the Lessee. This is a continuing guaranty that will not be discharged or affected by your death and will bind your heirs and personal representatives. You waive any rights to seek repayment from the Lessee in the event you must pay us. If more than one personal guarantor has signed this Personal Guaranty, each of you agree that your liability is joint and several. You authorize us or any of our affiliates to obtain credit bureau reports regarding your personal credit, and make other credit inquiries that we determine are necessary.

**THIS PERSONAL GUARANTY IS GOVERNED BY THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS. YOU CONSENT TO THE JURISDICTION OF ANY COURT LOCATED WITHIN MASSACHUSETTS. YOU EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY.**

Ex 1

X Michael O'Sullivan                               X Patrick O'Sullivan
Personal Guarantor (no title)                      Personal Guarantor (no title)

See Attached
Print Name                        Date             Print Name                        Date

Home Street Address/City/State/Zip                 Home Street Address/City/State/Zip

(     )                                            (     )
Social Security Number    Phone No.                Social Security Number    Phone No.

PEGL2004-8/94

**1. LEASE; DELIVERY AND ACCEPTANCE.** You agree to lease the equipment described on the front of this lease agreement (collectively, "Equipment") subject to the terms and conditions shown on the front and back of this lease ("Lease"). If you have entered into one purchase or supply contract ("Supply Contract") with any Supplier, you assign to us your rights under such Supply Contract, but none of your obligations (other than the obligation to pay for the Equipment if it is accepted by you as stated below and you timely deliver to us such documents and assurances as we request). If you have not entered into a Supply Contract, you authorize us to enter into a Supply Contract on your behalf. You will arrange for the delivery of the Equipment to you. When you receive the Equipment, you agree to inspect it to determine if it is in good working order. This Lease will begin on the date when the Equipment is delivered to you and the Equipment will be deemed irrevocably accepted by you upon the earlier of: a) the delivery to us of a signed Delivery and Acceptance Certificate (if requested by us); or b) 10 days after delivery of the Equipment to you if previously you have not given written notice to us of your non-acceptance. The first Lease Payment is due on or before the date the Equipment is delivered to you. The remaining Lease Payments will be due on the day of each subsequent month (or such other time period specified on the front of this Lease) designated by us. You will make all payments required under this Lease to us at such address as we may specify in writing. You authorize us to adjust the Lease Payment by not more than 15% if the actual Total Cash Price (which is all amounts we have paid in connection with the purchase, delivery and installation of the Equipment, including any trade-up and buyout amounts) differs from the estimated Total Cash Price. If any Lease Payment or other amount payable to us is not paid within 10 days of its due date, you will pay us a late charge not to exceed 7% of each late payment (or such lesser rate as is the maximum rate allowable under applicable law).

**2. NO WARRANTIES.** We are leasing the Equipment to you **"AS-IS". YOU ACKNOWLEDGE THAT WE DO NOT MANUFACTURE THE EQUIPMENT, AND YOU DO NOT REPRESENT THE MANUFACTURER OR THE SUPPLIER, AND YOU HAVE SELECTED THE EQUIPMENT AND SUPPLIER BASED UPON YOUR OWN JUDGMENT. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANT-ABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR OTHERWISE. YOU AGREE THAT REGARDLESS OF CAUSE, WE ARE NOT RESPONSIBLE FOR AND YOU WILL NOT MAKE ANY CLAIM AGAINST US FOR ANY DAMAGES, WHETHER CONSEQUEN-TIAL, DIRECT, SPECIAL, OR INDIRECT. YOU AGREE THAT NEITHER SUPPLIER NOR ANY SALESPERSON, EMPLOYEE OR AGENT OF SUPPLIER IS OUR AGENT OR HAS ANY AUTHORITY TO SPEAK FOR US OR TO BIND US IN ANY WAY.** We transfer to you for the term of this Lease any warranties made by the manufacturer or Supplier under a Supply Contract.

**3. EQUIPMENT LOCATION; USE AND REPAIR; RETURN.** You will keep and use the Equipment only at the Equipment Location shown on the front of this Lease. You may not move the Equipment without our prior written consent. At your own cost and expense, you will keep the Equipment eligible for any manufacturer's certification, in compliance with all applicable laws and in good condition, except for ordinary wear and tear. You will not make any alterations, additions or replacements to the Equipment without our prior written consent. All alterations, additions and replacements will become part of the Equipment and our property at no cost or expense to us. We may inspect the Equipment at any reasonable time. Unless you purchase the Equipment in accordance with this Lease, at the end of this Lease you will immediately deliver the Equipment to us in as good condition as when you received it, except for ordinary wear and tear, to any place in the United States that we tell you. You will pay all expenses of deinstalling, crating and shipping, and you will insure the Equipment for its full replacement value during shipping.

**4. TAXES AND FEES.** You will pay when due, either directly or to us upon our demand, all taxes, fines and penalties relating to this Lease or the Equipment that are now or in the future assessed or levied by any state, local or other government authority. We will file all personal property, use or other tax returns (unless we notify you otherwise in writing) and you agree to pay us a fee for making such filings. We do not have to contest any taxes, fines or penalties. You will pay estimated property taxes with each Lease Payment or annually, as invoiced.

**5. LOSS OR DAMAGE.** As between you and us, you are responsible for any loss, theft or destruction of, or damage to, the Equipment (collectively "Loss") from any cause at all, whether or not insured, until it is delivered to us at the end of this Lease. You are required to make all Lease Payments even if there is a Loss. You must notify us in writing immediately of any Loss. Then, at our option, you will either (a) repair the Equipment so that it is in good condition and working order, eligible for any manufacturer's certification, or (b) pay us the amounts specified in Section 9(b) below.

**6. INSURANCE.** You will provide and maintain at your expense (a) property insurance against the loss, theft or destruction of, or damage to, the Equipment for its full replacement value, naming us as loss payee, and (b) public liability and third party property insurance, naming us as an additional insured. You will give us certificates or other evidence of such insurance when requested. Such insurance will be in a form, amount and with companies acceptable to us, and will provide that we will be given 30 days advance notice of any cancellation or material change of such insurance. If you do not give us evidence of insurance acceptable to us, we have the right, but not the obligation, to obtain insurance covering our interest in the Equipment from an insurer of our choice, including an insurer that is our affiliate. We may add the costs of acquiring and maintaining such insurance and our fees for our services in placing and maintaining such insurance (collectively, "Insurance Charge") to the amounts due from you under this Lease. You will pay the Insurance Charge in equal installments allocated to the remaining Lease Payments (plus interest on such allocation at 1.5% per month or, if less, the maximum rate allowed by law). If we purchase insurance, you will cooperate with our insurance agent with respect to the placement of insurance and the processing of claims. Nothing in this Lease will create an insurance relationship of any type between us and any other person. You acknowledge that we are not required to secure or maintain any insurance, and we will not be liable to you if we terminate any insurance coverage that we arrange. If we replace or renew any insurance coverage, we are not obligated to provide replacement or renewal coverage under the same terms, costs, limits, or conditions as the previous coverage.

**7. TITLE; RECORDING.** We are the owner of and will hold title to the Equipment. You will keep the Equipment free of all liens and encumbrances. Unless the Purchase Option price shown on the front of this Lease is $1.00, you agree that this transaction is a true lease. However, if this transaction is deemed to be a lease intended for security, you grant us a purchase money security interest in the Equipment (including any replacements, substitutions, additions, attachments and proceeds). You will deliver to us signed financing statements or other documents we request to protect our interest in the Equipment. **YOU AUTHORIZE US TO FILE A COPY OF THIS LEASE AS A FINANCING STATEMENT AND APPOINT US OR OUR DESIGNEE AS YOUR ATTORNEY-IN-FACT TO EXECUTE AND FILE, ON YOUR BEHALF, FINANCING STATEMENTS COVERING THE EQUIPMENT.**

**8. DEFAULT.** Each of the following is a "Default" under this Lease: (a) you fail to pay any Lease Payment or any other payment within 10 days of its due date, (b) you do not perform any of your other obligations under this Lease or in any other agreement with us or with any of our affiliates and this failure continues for 10 days after we have notified you of it, (c) you become insolvent, you dissolve or are dissolved, or you assign your assets for the benefit of your creditors, or enter (voluntarily or involuntarily) any bankruptcy or reorganization proceeding; (d) any guaranty of this Lease dies, does not perform its obligations under the guaranty, or becomes subject to one of the events listed in clause (c) above.

**9. REMEDIES.** If a Default occurs, we may do one or more of the following: (a) we may cancel or terminate this Lease or any or all other agreements that we have entered into with you; (b) we may require you to immediately pay us, as compensation for loss of our bargain and not as a penalty, a sum equal to (i) the present value of all unpaid Lease Payments for the remainder of the term plus the present value of our anticipated residual interest in the Equipment, each discounted at 5% per year, compounded monthly, plus (ii) all other amounts due or that become due under this Lease; (c) we may require you to deliver the Equipment to us as set forth in Section 3; (d) we or our agent may peacefully repossess the Equipment without court order and you will not make any claims against us for damages or trespass or any other reason; and (e) we may exercise any other right or remedy available at law or in equity. **You agree to pay all of our costs of enforcing our rights against you, including reasonable attorneys' fees.** If we take possession of the Equipment, we may sell or otherwise dispose of it with or without notice, at a public or private sale, and apply the net proceeds (after we have deducted all costs related to the sale or disposition of the Equipment) to the amounts that you owe us. You agree that if notice of sale is required by law to be given, 10 days' notice shall constitute reasonable notice. You will remain responsible for any amounts that are due after we have applied such net proceeds.

**10. FINANCE LEASE STATUS.** You agree that if Article 2A-Leases of the Uniform Commercial Code applies to this Lease, this Lease will be considered a "finance lease" as that term is defined in Article 2A. By signing this Lease, you agree that either (a) you have reviewed, approved, and received, a copy of the Supply Contract or (b) that we have informed you of the identity of the Supplier, that you may have rights under the Supply Contract, and that you may contact the Supplier for a description of those rights. **TO THE EXTENT PERMITTED BY APPLICABLE LAW, YOU WAIVE ANY AND ALL RIGHTS AND REMEDIES CONFERRED UPON A LESSEE BY ARTICLE 2A.**

**11. ASSIGNMENT.** You may not assign, sell, transfer or sublease the Equipment OR YOUR INTEREST IN THIS LEASE. We may, without notifying you, sell, assign, or transfer this Lease or our rights in the Equipment. You agree that the new owner will have the same rights and benefits that we have now under this Lease but not our obligations. The rights of the new owner will not be subject to any claim, defense or set-off that you may have against us.

**12. PURCHASE OPTION; AUTOMATIC RENEWAL.** If no Default exists under this Lease, you will have the option at the end of the original or any renewal term to purchase all (but not less than all) of the Equipment at the Purchase Option price shown on the front of this Lease, plus any applicable taxes. Unless the Purchase Option price is $1.00, you must give us at least 30 days written notice before the end of the original term that you will purchase the Equipment or that you will deliver the Equipment to us. If you do not give us such written notice or if you do not purchase or deliver the Equipment in accordance with the terms and conditions of this Lease, this Lease will automatically renew for an additional 12 month term and thereafter renew for successive one month terms until you deliver the Equipment to us. During such renewal(s) the Lease Payment will remain the same. We may cancel an automatic renewal term by sending you written notice 10 days prior to such renewal term. If the Fair Market Value Purchase Option has been selected, we will use our reasonable judgment to determine the Equipment's fair market value. If you do not agree with our determination of the Equipment's fair market value, the fair market value (on a retail basis) will be determined at your expense by an independent appraiser selected by us. Upon payment of the Purchase Option price, we shall transfer our interest in the Equipment to you **"AS IS, WHERE IS"** without any representation or warranty whatsoever and this Lease will terminate.

**13. INDEMNIFICATION.** You are responsible for any losses, damages, penalties, claims, suits and actions (collectively "Claims"), whether based on a theory of strict liability or otherwise caused by or related to (a) the manufacture, installation, ownership, use, lease, possession, or delivery of the Equipment or (b) any defects in the Equipment. You agree to reimburse us for and if we request, to defend us against, any Claims.

**14. CREDIT INFORMATION. YOU AUTHORIZE US OR ANY OF OUR AFFILIATES TO OBTAIN CREDIT BUREAU REPORTS, AND MAKE OTHER CREDIT INQUIRIES THAT WE DETERMINE ARE NECESSARY. ON YOUR WRITTEN REQUEST, WE WILL INFORM YOU WHETHER WE HAVE REQUESTED A CONSUMER CREDIT REPORT AND THE NAME AND ADDRESS OF ANY CONSUMER CREDIT REPORTING AGENCY THAT FURNISHED A REPORT. YOU ACKNOWLEDGE THAT WITHOUT FURTHER NOTICE WE MAY USE OR REQUEST ADDITIONAL CREDIT BUREAU REPORTS TO UPDATE OUR INFORMATION SO LONG AS YOUR OBLIGATIONS TO US ARE OUTSTANDING.**

**15. MISCELLANEOUS.** You agree that the terms and conditions contained in this Lease make up the entire agreement between you and us regarding the lease of the Equipment. This Lease is not binding on us until we sign it. Any change in any of the terms and conditions of this Lease must be in writing and signed by us. **You agree, however, that we are authorized, without notice to you, to supply missing information or correct obvious errors in this Lease.** If we delay or fail to enforce any of our rights under this Lease, we will still be entitled to enforce those rights at a later time. All notices shall be given in writing by the party sending the notice and shall be effective when deposited in the U.S. Mail, addressed to the party receiving the notice at its address shown on the front of this Lease (or to any other address specified by that party in writing) with postage prepaid. All of our rights and indemnities will survive the termination of this Lease. It is the express intent of the parties not to violate any applicable usury laws or to exceed the maximum amount of time price differential or interest, as applicable, permitted to be charged or collected by applicable law, and any such excess payment will be applied to Lease Payments in inverse order of maturity, and any remaining excess will be refunded to you. If you do not perform any of your obligations under this Lease, we have the right, but not the obligation, to take any action or pay any amounts that we believe are necessary to protect our interests. You agree to reimburse us immediately upon our demand for any such amounts that we pay. If more than one Lessee has signed this Lease, each of you agree that your liability is joint and several.

**TO A FILING OFFICER FOR FILING PURSUANT TO THE UNIFORM COMMERCIAL CODE.**

11. ☐ CHECK TO REQUEST SAME DEBTOR SEARCH CERTIFICATE.  (INSTRUCTION B.11)

| | | |
|---|---|---|
| 1. DEBTOR (IF PERSONAL) LAST NAME | FIRST NAME | M.I. | 1A. PREFIX | 1B. SUFFIX |

Patriot Excavating, Drilling & Blasting, Inc.

| 1C. MAILING ADDRESS | 1D. CITY, STATE | 1E. ZIP CODE |
|---|---|---|
| 307 Farnum Pike | Smithfield,  RI | 02917 |

| 2. ADDITIONAL DEBTOR (IF PERSONAL) LAST NAME | FIRST NAME | M.I. | 2A. PREFIX | 2B. SUFFIX |
|---|---|---|---|---|

| 2C. MAILING ADDRESS | 2D. CITY, STATE | 2E. ZIP CODE |
|---|---|---|

| 3. ADDITIONAL DEBTOR (IF PERSONAL) LAST NAME | FIRST NAME | M.I. | 3A. PREFIX | 3B. SUFFIX |
|---|---|---|---|---|

| 3C. MAILING ADDRESS | 3D. CITY, STATE | 3E. ZIP CODE |
|---|---|---|

| 4. SECURED PARTY (IF PERSONAL) LAST NAME | FIRST NAME | M.I. |
|---|---|---|

Affiliated Corporate Services, Inc.

| 4A. MAILING ADDRESS | 4B. CITY, STATE | 4C. ZIP CODE |
|---|---|---|
| 2655 Villa Creek Drive, Suite 285 | Dallas,  TX | 75234 |

5. ASSIGNEE OF SECURED PARTY (IF ANY)

AT&T Capital Leasing Services, Inc.

| 5A. MAILING ADDRESS | 5B. CITY, STATE | 5C. ZIP CODE |
|---|---|---|
| 1505 Luna Road, Suite 134 | Carrollton,  TX | 75006 |

6. This FINANCING STATEMENT covers the following types or items of property.  (If collateral is crops, fixtures, timber or minerals, read Instruction B. 6-7.)

1996 Sullivan Model VCR361 Valveless Continuous Rotation Air Track Drill S/N 550390

| 7. CHECK ONLY IF APPLICABLE | 7A. ☐ PRODUCTS OF COLLATERAL ARE ALSO COVERED | 7B. ☐ THIS FINANCING STATEMENT IS TO BE FILED FOR RECORD IN THE REAL ESTATE RECORDS. | NUMBER OF ADDITIONAL SHEETS PRESENTED _____ |
|---|---|---|---|

| 8. CHECK APPROPRIATE BOX | 8A. THIS FINANCING STATEMENT IS SIGNED BY THE SECURED PARTY INSTEAD OF THE DEBTOR TO PERFECT A SECURITY INTEREST IN COLLATERAL IN ACCORDANCE WITH INSTRUCTION B. 8 ITEM: | ☐(1) ☐(2) ☐(3) ☐(4) ☐(5) |
|---|---|---|

9. SIGNATURE(S) OF DEBTOR(S)   X Monica D'Donovan

THIS SPACE FOR USE OF FILING OFFICER (DATE, TIME, NUMBER, FILING OFFICER)

Patriot Excavating, Drilling & Blasting, Inc.

SIGNATURE(S) OF SECURED PARTY(IES)

Affiliated Corporate Services, Inc.

10. Return copy to:

NAME
ADDRESS
CITY
STATE
ZIP

AT&T Capital Leasing Services, Inc.
1505 Luna Road, Suite 134
Carrollton, TX 75006

PRINTED BY  JULIUS BLUMBERG, INC. N.Y.C. 10013

(1) FILING OFFICER COPY — NUMERICAL



  

TEL: (401)785- 800
FAX: (401)785- 444

11 O'Keefe Lane, Warwick, RI 02888, USA

Date:       March 14, 1996

Sold to:    Affiliated Corporate Services
            2655 Villa Creek Drive  Suite 285
            Dallas, Texas 75234-7316

Ship to:    Patriot Excavating, Drilling & Blasting, Inc.
            307 Farnum Pike
            Smithfield, RI 02917

## INVOICE

New 1996 Sullivan Model VCR361
Valveless Continuous Rotation Air Track Drill
Serial Number#550390                              $169,586.00


Less Down Payment from Patriot                    $   4,586.00


Balance Due                                       $165,000.00

# LLOYD WARD & ASSOCIATES

### 5644 LBJ Freeway
### Suite 201
### Dallas Texas 75244

Email lward@lloydward.com

Telephone (214) 749-7789
Facsimile (214) 749-7773

May 19, 2004

Patriot Excavating, Drilling & Blasting Inc.
c/o Michael O'Sullivan
139 Bishop St.,
Pawtucket RI 02860

Patriot Site Blasting
c/o Kevin O'Sullivan
55 School
Albion RI 02802

Monica O'Sullivan
55 School
Albion RI 02802

Patrick O'Sullivan
55 School
Albion RI 02802

Re:    That Business Equipment Leases entered into by and between Affiliated Corporate
       Services Inc., and Patriot Excavating, Drilling & Blasting Inc., on April 3, 1996, and the
       amount due and owing of under the lease without attorney's fees, conversion and
       exemplary damages in the amount of One Hundred Eighty Eight Thousand Three Hundred
       Thirty Two Dollars and 32/100 ($188,332.32) under said lease agreement.

Dear Mr. Crowson

       This law firm has been retained to represent Affiliated Corporate Services Inc., regarding
the above referenced matter. This correspondence is notice of a default in the above
indebtedness, and demand for payment thereof. A copy of the civil action upon that matter is
attached hereto.

       The above indebtedness is now fully due and owing, and demand is made hereof, for the
amount of One Hundred Eighty Eight Thousand Three Hundred Thirty Two Dollars and 32/100
($188,332.32), as a compromise and settlement of the debt owed. You have the right to review
any all documents concerning this indebtedness upon request. If you so request to review such
documents, such review must occur on or before the expiration of ten (10) days from the date of
this demand. If the above indebtedness is not paid in full, on or before the expiration of ten (10)
days, then you will become liable for attorney's fees, cost, and additional interest, as allowed for
under the above contract, or statute, whichever is the greater.

Demand Letter                                      Page-1

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.65 |

Postmark Here

Sent To _Patriot Site Blasting_
Street, Apt. No.; or PO Box No. _SS School_
City, State, ZIP+4 _Albion, RI 02802_

PS Form 3800, June 2002       See Reverse for Instructions

7003 7967 0004 0500 7025

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.65 |

Returned
Postmark Here

Sent To _Patrick O'Sullivan_
Street, Apt. No.; or PO Box No. _SS School_
City, State, ZIP+4 _Albion, RI 02802_

PS Form 3800, June 2002       See Reverse for Instructions

7003 7967 0004 0500 7049

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.65 |

Postmark Here

Sent To _Monica O'Sullivan_
Street, Apt. No.; or PO Box No. _SS School_
City, State, ZIP+4 _Albion, RI 02802_

PS Form 3800, June 2002       See Reverse for Instructions

7003 7967 0004 0500 7032

---



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | 1.75 |
| Total Postage & Fees | $ 4.65 |

Postmark Here

Sent To _Patriot Excavation_
Street, Apt. No.; or PO Box No. _139 Bishop St_
City, State, ZIP+4 _Pawtucket, RI 02860_

PS Form 3800, June 2002       See Reverse for Instructions

7003 7967 0004 0500 7018

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Monica O'Sullivan**
**55 School**
**Albion, RI 02802**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Monica D Donova  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Monica D Mona

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7003 0500 0004 7967 7032

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-15

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Patriot Site Blasting**
**c/o Kevin O'Sullivan**
**55 School**
**Albion, RI 02802**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Monica D Donova  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Monica D Donov

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7003 0500 0004 7967 7025

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-15



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Monica O'Sullivan
55 School
Albion, RI 02802

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *Kevin O'Sullivan*  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery 6/21/04

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

P.O. Box 529
Albion RI 02802-0529

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7003 0500 0004 7967 7162

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $ 4.88

Postmark Here 6/18/04

Sent To Monica O'Sullivan
Street, Apt. or PO Box 55 School
City, State Albion, RI 02802

7003 0500 0004 7967 7162

# Lloyd Ward & Associates

*5644 LBJ Freeway*
*Suite 201*
*Dallas, Texas 75240*

Email lward1110@email.com

Telephone (214) 749-7789
Facsimile (214) 749-7773

June 17, 2004

**VIA U.S. MAIL**
Monica O'Sullivan
55 School
Albion, RI 02802

> RE:    Affiliated Corporate Services Inc. v. Patriot Site Blasting f/k/a Patriot Excavating,
> Drilling & Blasting Inc., Michael O'Sullivan, Patrick O'Sullivan, and Monica
> O'Sullivan f/k/a Monica O'Donovan Jointly and Severally;
> Case Number 4:04CV204

Dear Mr. O'Sullivan:

Enclosed please find a civil action suit filed with the Federal court.

If you have any questions or concerns, please contact my office.

Sincerely,

Jessica Winkler
Assistant to Lloyd Ward

LW/jw
Enclosure

4/17

# Monica O'Donovan

55 School Street
P.O. Box 529
Albion, RI 02802

June 12, 2004

Lloyd Ward & Associates
5644 LBJ Freeway
Suite 201
Dallas, TX 75244

Dear Mr. Lloyd Ward,

I have received a copy of the complaint\suit from Affiliated Corporate Services. I wish to
advise you of the following,

Patriot Excavating Drilling & Blasting, Inc. filed for Chapter 11 in June ? 1998; case # 98-12736.
This was converted from a Chapter 11 to a Chapter 7 in 1999?

I filed for personal bankruptcy in 2002, case # 02-11261.

Affiliated Corporate Services was listed as a claimant with the bankruptcy court as the lease
assignee AT&T Capital Corp.. The attorney for both bankruptcy cases was Attorney Keven
McKenna, 23 Acorn Street, Providence, RI 02903.

Regards,

*Monica O'Donovan*

Monica O'Donovan

Via Certified Mail

Cc: Attorney Keven McKenna

RECEI

PersonalMOD\Bankruptcy.wps

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 1 9 2004

DAVID J. MALAND, CLERK
BY
DEPUTY_____

AFFILIATED CORPORATE SERVICES INC.    §
                    Plaintiff,       §
                                      §
            v.                        §
                                      §       CAUSE NO. 4 - 04CV204
PATRIOT SITE BLASTING F/K/A           §
PATRIOT EXCAVATING, DRILLING &        §
BLASTING INC., MICHAEL O'SULLIVAN     §
PATRICK O'SULLIVAN, AND MONICA        §
O'SULLIVAN F/K/A MONICA O'DONOVAN     §
JOINTLY AND SEVERALLY                 §
            Defendant.                §

---

## ANSWER TO COMPLAINT

---

To the Honorable Judge of Said Court,

COMES NOW the defendant, Monica O'Donovan, for herself alone and in answering the allegations of the complaint on file herein, states as follows:

The jurisdiction and venue of this court is hereby challenged. This complaint should come under jurisdiction of the United States Bankruptcy Court.

Monica O'Donovan, Defendant filed for personal bankruptcy in 2002, case # 02-11261. Affiliated Corporate Services, Plaintiff was listed as a claimant as was the lease assignee AT&T Capital Corp. on defendant's bankruptcy (Refer to Exhibit A - 3 pages). This debt should all have been settled as part of the Bankruptcy proceedings. This bankruptcy was discharged on July 5, 2002 (Refer to Exhibit B - 1 page).

I hereby certify that a copy of this answer has been forwarded to the attorney for the Plaintiff, Lloyd Ward of Lloyd Ward & Associates, 5644 LBJ Freeway, Suite 201, Dallas, TX  75240 via Certified Mail 7002 3150 0000 7142 8422.

this _16th_ day of _July_____, 2004

Respectfully Submitted,

_Monica O Donovan_

Monica O'Donovan - Defendant
P.O. Box 529, 55 School Street
Albion, RI  02802
Tel: (401) 333 - 4985

7/16

# Exhibit A

(Official Form 1) (9/01)

| **FORM B1** | **United States Bankruptcy Court**<br>**District of Rhode Island** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Monica O'Donovan** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |

**07-02-11261**

| Soc. Sec./Tax I.D. No. (if more than one, state all): | Soc. Sec./Tax I.D. No. (if more than one, state all): |
|---|---|
| ▉▉▉▉ of Debtor (No. & Street, City, State & Zip Code):<br>▉▉ School Street<br>**Albion, RI 02802** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**P.O. Box 529**<br>**Albion, RI 02802** | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|
| ☑ Individual(s) ☐ Railroad<br>☐ Corporation ☐ Stockbroker<br>☐ Partnership ☐ Commodity Broker<br>☐ Other _____ | ☑ Chapter 7 ☐ Chapter 11 ☐ Chapter 13<br>☐ Chapter 9 ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |

| **Nature of Debts** (Check one box)<br>☑ Consumer/Non-Business ☐ Business | **Filing Fee** (Check one box)<br>☑ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only)<br>Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. |
|---|---|

**Chapter 11 Small Business** (Check all boxes that apply)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimate)
- ☐ Debtor estimates that funds will be available for ...
- ☑ Debtor estimates that, after any exempt property paid, there will be no funds available for distribution ...

| Estimated Number of Creditors | 1-15 | 16- |
|---|---|---|
| | ☐ | ☐ |

| Estimated Assets | | | | |
|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $ |
| ☑ | ☐ | ☐ | ☐ | |

| Estimated Debts | | | | |
|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $ |
| ☐ | ☐ | ☐ | ☐ | |

**VOLUNTARY PETITION**

---

**Case # 02-11261 PVD**    Chapter 7
Filed: 10:15 AM, 04/03/02

Judge: Arthur N. Votolato
Trustee: Charles A Pisaturo Jr.
Debtor(s):
   Monica O'Donovan

**First Meeting of Creditors**
03:00 PM, May 01, 2002
Office of U.S. Trustee
10 Dorrance Street - Room 915
Providence, RI 02903

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**    **RECEIPT**

# 000047241 - JV
10:19 AM, April 03, 2002
Providence

| Code | Qty | Amount |
|---|---|---|
| 07 | 1 | $200.00 |

**TOTAL PAID: $200.00**

From: Keven A. McKenna
McKenna Law Offices
23 Acorn Street
Providence, RI 02903-0000    1

© 1993-2001 EZ-Filing Inc (1-800-998-2424) - Forms Software Only

(Official Form 1) (9/01)                                                                   **FORM B1, Page 2**

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>**Monica O'Donovan** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **None** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)**<br>*I declare under penalty of perjury that the information provided in this petition is true and correct.*<br>*[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.*<br><br>X *Monica P Donovan*<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>Telephone Number (If not represented by attorney)<br>**April 1, 2002**<br>Date | **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition. |
|---|---|
| **Signature of Attorney**<br><br>X *Keven A McKenna*<br>Signature of Attorney for Debtor(s)<br><br>**Keven A. McKenna 0662**<br>Printed Name of Attorney for Debtor(s)<br>**Keven A. McKenna, P.C.**<br>Firm Name<br>**23 Acorn Street**<br>Address<br>**Providence, RI 02903**<br><br>**(401) 273-8200**<br>Telephone Number<br>**April 1, 2002**<br>Date | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br><br>X *Keven A McKenna*   4/01/02<br>Signature of Attorney for Debtor(s)   Date |
| | **Exhibit C**<br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>☑ No |
| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date | **Signature of Non-Attorney Petition Preparer**<br>I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>Printed Name of Bankruptcy Petition Preparer<br><br>Social Security Number<br><br>Address<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>X _____<br>Signature of Bankruptcy Petition Preparer<br><br>_____<br>Date<br><br>A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156. |

VOLUNTARY PETITION

© 1993-2001 EZ-Filing Inc [1-800-998-2424] - Forms Software Only



IN RE Monica O'Donovan
_____ Debtor(s) _____ Case No. 02-11261

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Form B18(Official Form 18)
(9/97)



# UNITED STATES BANKRUPTCY COURT
## District of Rhode Island

In Re:
Monica O'Donovan
PO Box 529
Albion, RI 02802

)
)
)
)
) Case Number: 02 - 11261
)
)
)
)
)
)
) Chapter: 7
)
)
)
)
Debtor )
)
Social Security Number: )
Debtor: 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 )
)
)
)

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated: <u>07/05/02</u>

### BY THE COURT

<u>Arthur N. Votolato</u>
United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

Document No: 2-1

024858

# Monica O'Donovan

55 School Street
P.O. Box 529
Albion, RI 02802


June 12, 2004

Lloyd Ward & Associates
5644 LBJ Freeway
Suite 201
Dallas, TX 75244

Dear Mr. Lloyd Ward,

I have received a copy of the complaint\suit from Affiliated Corporate Services. I wish to advise you of the following,

Patriot Excavating Drilling & Blasting, Inc. filed for Chapter 11 in June ? 1998; case # 98-12736. This was converted from a Chapter 11 to a Chapter 7 in 1999?

I filed for personal bankruptcy in 2002, case # 02-11261.

Affiliated Corporate Services was listed as a claimant with the bankruptcy court as the lease assignee AT&T Capital Corp.. The attorney for both bankruptcy cases was Attorney Keven McKenna, 23 Acorn Street, Providence, RI 02903.

Regards,

*Monica O'Donovan*

Monica O'Donovan

Via Certified Mail

Cc: Attorney Keven McKenna

PersonalMOD\Bankruptcy.wps

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| | |
|---|---|
| Postage $ | 37 |
| Certified Fee | 230 |
| Return Reciept Fee (Endorsement Required) | 175 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees $ | 442 |

Postmark Here
ALBION RI 02802
JUN 1 2 2004
USPS

Sent To  Lloyd Ward + Associates
Street, Apt. No.; or PO Box No.  5644  LBJ  Freeway Ste 201
City, State, ZIP+4  Dallas  TX  75244

PS Form 3800, June 2000                See Reverse for Instructions



7002 3150 0000 7143 2740

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

7002 7143 2740  0000  3150  7002



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Kevin O Sullivan_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
8/10/04

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

PO Box 529
Albion RI 02802

1. Article Addressed to:

Monica O'Sullivan
f/k/a Monica O'Donovan
55 School Street
Albion, RI 02802

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)

7003 0500 0004 7967 5113

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com₀

## OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ .83 | |
| Certified Fee | | |
| Return Reciept Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | 8/3/04 |
| Total Postage & Fees | $ 4.88 | |

Sent To  Monica O'Sullivan
         f/k/a Monica O'Donovan
Street, Apt. No.;
or PO Box No.  55 School Street
City, State, ZIP+4  Albion, RI 02802

7003 0500 0004 7967 5113

# Lloyd Ward & Associates

*5644 LBJ Freeway*
*Suite 201*
*Dallas, Texas 75240*

Email lward1110@email.com

Telephone (214) 749-7789
Facsimile (214) 749-7773

August 3, 2004

**VIA U.S. MAIL**
Monica O'Sullivan
f/k/a Monica O'Donovan
PO Box 529
Albion, RI 02802

**VIA CERTIFIED MAIL**
Monica O'Sullivan
f/k/a Monica O'Donovan
55 School Street
Albion, RI 02802

**RE:**  Affiliated Corporate Services Inc. v. Patriot Site Blasting f/k/a Patriot Excavating, Drilling & Blasting Inc., Michael O'Sullivan, Patrick O'Sullivan and Monica O'Sullivan f/k/a Monica O'Donovan Jointly and Severally;
**Cause No. 4:04CV204**

Dear Ms. O'Sullivan:

With regard to the above referenced matter, enclosed please find:

- Plaintiffs First Set of Interrogatories and Production of Documents

If you have any questions or concerns, please contact my office.

Sincerely,

Jessica Winkler
Legal Assistant to Lloyd Ward

LW/jw
Enclosure

**FILE COPY** 8/3

*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*
*SHERMAN DIVISION*

| | | |
|---|---|---|
| *AFFILIATED CORPORATE SERVICES INC.* | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | |
| | § | *CAUSE NO. 4:04CV204* |
| *PATRIOT SITE BLASTING F/K/A* | § | |
| *PATRIOT EXCAVATING, DRILLING &* | § | |
| *BLASTING INC., MICHAEL O'SULLIVAN* | § | |
| *PATRICK O'SULLIVAN, AND MONICA* | § | |
| *O'SULLIVAN F/K/A MONICA O'DONOVAN* | § | |
| *JOINTLY AND SEVERALLY* | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFFS FIRST SET OF INTERROGATORIES
## AND PRODUCTION OF DOCUMENTS

To:    Monica O'Sullivan f/k/a Monica O'Donovan, at P.O. Box 529, 55 School Street, Albion RI, 02802

COMES NOW Affiliated Corporate Services Inc., Plaintiff in the above-entitled and numbered cause of action, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, serves the following Interrogatories and Production of Documents upon Defendant Monica O'Sullivan f/k/a Monica O'Donovan.

You are hereby instructed to answer separately and fully, in writing and under oath, the following Interrogatories and must answer separately and fully, in writing the attached production of documents, be advised that the answers must be served upon Plaintiff's attorney of record no later than Thirty (30) days after service hereof, and further that such answers may be offered in evidence at the trial of the above cause. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, you are

Plaintiff's First Set of Discovery, by
Production of Documents and Interrogatories          Page-1

**FILE COPY**

8|3

obligated to seasonably supplement your answers hereto.

### *Definitions*

Please use the following definitions in answering the Interrogatories:

"Defendant" or "You," shall mean Monica O'Sullivan f/k/a Monica O'Donovan, and as the context requires includes Defendant's agents, representatives, affiliates, predecessors, successors, and persons acting or purporting to act on Defendant's behalf or under Defendant's control.

"Plaintiff" shall mean Affiliated Corporate Services Inc., Plaintiff herein, and as the context requires includes Plaintiff's agents, representatives, affiliates, predecessors, successors and persons acting or purporting to act on Plaintiff's behalf or under Plaintiff's control.

"Persons" as used herein includes natural persons, general partnerships, limited partnerships, joint ventures, associations, corporations, governmental agencies, departmental units or subdivisions thereof, and any other form of business entity or association, as the case may be.

**(a) Generally.** In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

**(b) Documents and tangible things.** A party may obtain discovery of the existence, description, nature, custody, condition, location, and contents of documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action. A person is required to produce a document or tangible thing that is within the

Plaintiff's First Set of Discovery, by
Production of Documents and Interrogatories          Page-2

person's possession, custody, or control. Possession, custody, or control of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

(C) **Persons with knowledge of relevant facts.** A party may obtain discovery of the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case. A person has knowledge of relevant facts when that person has or may have knowledge of any discoverable matter. The person need not have admissible information or personal knowledge of the facts. An expert is "a person with knowledge of relevant facts" only if that knowledge was obtained first-hand or if it was not obtained in preparation for trial or in anticipation of litigation.

(d) **Trial witnesses.** A party may obtain discovery of the name, address, and telephone number of any person who is expected to be called to testify at trial. This paragraph does not apply to rebuttal or impeaching witnesses the necessity of whose testimony cannot reasonably be anticipated before trial.

(e) **Testifying and consulting experts.** The identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert are not discoverable. A party may discover information regarding a testifying expert or regarding a consulting expert whose mental impressions or opinions have been reviewed by a testifying expert. A testifying expert is an expert who may be called to testify as an expert witness at trial. A consulting expert is an expert who has been consulted, retained, or specially employed by a party in anticipation of litigation or in preparation for trial, but who is not a testifying expert.

(f) **Indemnity and insuring agreements.** Except as otherwise provided by law, a party may

obtain discovery of the existence and contents of any indemnity or insurance agreement under which any person may be liable to satisfy part or all of a judgment rendered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the indemnity or insurance agreement is not by reason of disclosure admissible in evidence at trial.

**(g) Settlement agreements.** A party may obtain discovery of the existence and contents of any relevant portions of a settlement agreement. Information concerning a settlement agreement is not by reason of disclosure admissible in evidence at trial.

**(h) Statements of persons with knowledge of relevant facts.** A party may obtain discovery of the statement of any person with knowledge of relevant facts--a "witness statement"--regardless of when the statement was made. A witness statement is (1) a written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcription of such a recording. Notes taken during a conversation or interview with a witness are not a witness statement. Any person may obtain, upon written request, his or her own statement concerning the lawsuit, which is in the possession, custody or control of any party.

**(I) Potential parties.** A party may obtain discovery of the name, address, and telephone number of any potential party.

**(j) Contentions.** A party may obtain discovery of any other party's legal contentions and the factual bases for those contentions.

### *Discovery Propounded*

Interrogatory No. 1:   Please state your full name, address and telephone number, including any aliases, or nom deplume, for the preceding ten (10) years.

Answer:

Production No. 1:  Provide any and all documents which would evidence (ie drivers license) your full name, address and telephone number, including any aliases, or nom deplume, for the preceding ten (10) years.

Answer:

Interrogatory No. 2:  Please provide the full name, address and telephone number, of Michael O'Sullivan and Patrick O'Sullivan, including any aliases, or nom deplume, for the preceding ten (10) years.

Answer:

Production No. 2:  Please provide any and all documents which would evidence the full name, address and telephone number, of Michael O'Sullivan and Patrick O'Sullivan, including any aliases, or nom deplume, for the preceding ten (10) years.

Answer:

Interrogatory No. 3:  Please provide a detail description of your relationship with Michael O'Sullivan and Patrick O'Sullivan, including any aliases, or nom deplume, for the preceding ten (10) years.

Answer:

Production No. 3:  Please provide any and all documents which would evidence your relationship with Michael O'Sullivan and Patrick O'Sullivan, including any aliases, or nom deplume, for the preceding ten (10) years.

Answer:

Interrogatory No. 4:  Please provide a detail description of the names, addresses and telephone numbers of the officers, directors and shareholders of Patriot Site Blasting for the preceding ten (10) years.

Answer:

Production No. 4:  Please provide any and all documents which would evidence the names, addresses and telephone numbers of the officers, directors and shareholders of Patriot Site Blasting for the preceding ten (10) years.

Answer:

Interrogatory No. 5:   Please provide a detail description of the names, addresses and telephone numbers of the officers, directors and shareholders of Patriot Excavating, Drilling, & Blasting for the preceding ten (10) years.

Answer:

Production No. 5:   Please provide any and all documents which would evidence the names, addresses and telephone numbers of the officers, directors and shareholders of Patriot Excavating, Drilling, & Blasting for the preceding ten (10) years.

Answer:

Interrogatory No. 6:   Please provide a detail description of the current location of the leased equipment described on Exhibit A attached herein and incorporated herein by reference as if set forth in full.

Answer:

Production No. 6:  Please provide any and all documents which would evidence the current location of the leased equipment described on Exhibit A attached herein and incorporated herein by reference as if set forth in full.

Answer:

Interrogatory No. 7:   Please provide a detail description of all parties to which the notice of bankruptcy attached to your answer was mailed, including a copy of all return receipt requested (the "green card"), and signed green cards

Answer:

Production No. 7:   Please provide any and all documents which would evidence the notice of bankruptcy attached to your answer was mailed and to whom is was mailed, including a copy of all return receipt requested (the "green card"), and signed green cards

Answer:

Interrogatory No. 8  Please provide a detail description of all assets and debts which were listed on your bankruptcy schedules.

Answer:

Plaintiff's First Set of Discovery, by
Production of Documents and Interrogatories          Page-6

Production No. 8  Please provide any and all documents which would evidence the description of all assets and debts which were listed on your bankruptcy schedules, including a copy of all papers, correspondence, schedules, and other items filed with any bankruptcy court.

Answer:

Interrogatory No. 9  Please provide a detail description of where the business of Patriot Excavating, Drilling & Blasting Inc., held their bank accounts (including operating, trust, savings, or other similar account), including place of account, and account number for the preceding ten (10) years.

Answer:

Production No. 9  Please provide any and all documents which would evidence where the business of Patriot Excavating, Drilling & Blasting Inc., held their bank accounts, including copies of any documents evidencing their operating, trust, savings, or other similar account, including documents evidencing the place of account, and account number for the preceding ten (10) years.

Answer:

Interrogatory No. 10  Please provide a detail description of where the business of Patriot Site Blasting, held their bank accounts (including operating, trust, savings, or other similar account), including place of account, and account number for the preceding ten (10) years.

Answer:

Production No. 10  Please provide any and all documents which would evidence where the business of Patriot Site Blasting, held their bank accounts, including any documents evidencing their operating, trust, savings, or other similar account, including documents evidencing the place of account, and account number for the preceding ten (10) years.

Answer:

Interrogatory No. 11  Please provide a detail description of all of your bank accounts (including operating, trust, savings, or other similar account), including place of account, and account number for the preceding ten (10) years.

Answer:

Production No. 11  Please provide any and all documents which would evidence your bank accounts, including copies of your checks and deposit slips for any operating, trust, savings, or other similar account, and including documents evidencing the place of account, and account number for the preceding ten (10) years.

Answer:

Interrogatory No. 12  Please provide a detail description of what happened to the business operations of Patriot Excavating, Drilling & Blasting Inc., and how it came to operate under the name of Patriot Site Blasting.

Answer:

Production No. 12  Please provide any and all documents which would evidence what happened to the business operations of Patriot Excavating, Drilling & Blasting Inc., and how it came to operate under the name of Patriot Site Blasting.

Answer:

Interrogatory No. 13  Please provide a detail description of the business of Patriot Excavating, Drilling & Blasting Inc., for the preceding ten (10) years.

Answer:

Production No. 13  Please provide any and all documents which would evidence the business of Patriot Excavating, Drilling & Blasting Inc., for the preceding ten (10) years.

Answer:

Interrogatory No. 14  Please provide a detail description of the business of Patriot Site Blasting for the preceding ten (10) years.

Answer:

Production No. 14  Please provide any and all documents which would evidence the business of Patriot Site Blasting for the preceding ten (10) years.

Answer:

Interrogatory No. 15  Please provide a detail description of physical location of the business of Patriot Excavating, Drilling & Blasting Inc. for the preceding ten (10) years.

Answer:

Production No. 15  Please provide any and all documents which would evidence the physical location of the business of Patriot Excavating, Drilling & Blasting Inc. for the preceding ten (10) years.

Answer:

Interrogatory No. 16  Please provide a detail description of physical location of the business of Patriot Site Blasting for the preceding ten (10) years.

Answer:

Production No. 16  Please provide any and all documents which would evidence the physical location of the business of Patriot Site Blasting for the preceding ten (10) years.

Answer:

Respectfully Submitted

Lloyd E. Ward
Bar Card #20845100
Lloyd Ward & Associates P.C.
5644 LBJ Freeway, Suite 201
Dallas, Texas 75204
Telephone (214) 749-7789
Facsimile (214) 749-7773
Attorney for Plaintiff

Certificate of Service

This is to certify that a true and correct copy of the foregoing document was sent via first class mail, and certified mail, to Monica O'Donovan f/k/a Monica O'Sullivan, at P.O. Box 529, 55 School Street, Albion RI 02802, on this ___3___ day of ___August___, 2004.

Lloyd Ward

Plaintiff's First Set of Discovery, by
Production of Documents and Interrogatories          Page-9